■        ARTHUR A. GARABEDIAN et al., Doing Business as PHASE V, Petitioners, v. NEW YORK STATE LIQUOR AUTHORITY, Respondent.— Determination unanimously annulled, with costs, and matter remitted to respondent for further

proceedings in accordance with the following memorandum: This proceeding was brought to review an order of respondent suspending petitioners' license for 10 days for a violation of section 106 (subd. 5, par. [c]) of Alcoholic Beverage Control Law (consumption of alcoholic beverages later than one-half hour after start of prohibited hour). At the administrative hearing a police officer gave pertinent testimony relating to the alleged violation. Upon cross-examination he admitted that prior to testifying he had refreshed his recollection by reading his report which had been submitted to his superiors and a copy furnished to respondent. The Hearing Commissioner refused to order counsel for respondent to make a copy of the report available to counsel for the licensees. It has long been the rule in civil actions that a "party who has in his possession books or papers which may be material to the case of his opponent, has no moral right to conceal them from his adversary. If on inspection the party calling for them finds nothing to his advantage, his omission to put them in evidence does not prevent the party producing them from proving and introducing them in evidence if they are competent against the other party." (*Smith* v. *Rentz*, 131 N. Y. 169, 175.) Furthermore, the general rule is that opposing counsel has the right to inspect and use for purposes of cross-examination a paper which is used by a witness while on the stand for the purpose of refreshing his recollection (Richardson Evidence, 9th ed., § 480) but this rule has been held to be inapplicable where the writing is not used in court but only to refresh the recollection of the witness prior to testifying (*Goldman* v. *United States*, 316 U. S. 129; *Lennon* v. *United States*, 20 F. 2d 490). In *People* v. *Rosario* (9 N Y 2d 286, 289) however, it was held that in a criminal trial a defendant is entitled to examine any pretrial statement of a witness as long as the statement relates to the subject matter of the witness' testimony and is not confidential. We conclude that a similar rule should be applied in this proceeding which, at least in form, is not of a criminal character but, like a criminal proceeding, is brought to penalize for the commission of an offense against the law. (*Matter of Finn's Liq. Shop* v. *State Liq. Auth.*, 24 N Y 2d 647, 653; see, also, *Matter of Rothenberg* v. *Board of Regents*, 267 App. Div. 24.) There should be a new hearing at which the reports of any police officers testifying thereat should be made available to petitioners prior to the commencement of cross-examination. (Review of determination suspending liquor license, transferred by order of Niagara Special Term.) Present — Marsh, J. P., Witmer, Moule and Bastow, JJ.