■ MICHAEL B. MILLER et al., Appellants-Respondents, v NEW YORK STATE DEPARTMENT OF HEALTH et al., Respondents-Appellants. — In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Department of Health denying petitioners access to certain records pertaining to the investigation of the White Plains Center for Nursing Care, the parties cross-appeal from a judgment of the Supreme Court, Westchester County (Ferraro, J.), dated December 16, 1981, which directed the respondents-appellants to disclose a certain complaint report and addendum thereto, and which denied the application with respect to all other materials. Judgment modified, on the law, by confirming the determination in its entirety, and thereupon dismissing the proceeding on the merits. As so modified, judgment affirmed, with $50 costs and disbursements to respondents-appellants. The petitioners sought and were denied access to certain records of an investigation made by the Office of Health Systems Management of the New York State Department of Health, upon a complaint of Jacob Oliner, whose mother was a patient at the petitioner nursing home. They thereafter commenced this CPLR article 78 proceeding under the Freedom of Information Law (Public Officers Law, § 89, subd 4, par [b]), to review the determination denying them access to such records. The petitioners, who were named as defendants in a defamation action commenced by Jacob Oliner, seek the records of the Department of Health investigation to use in the defense of the defamation action. As a result of that investigation, the department determined that the petitioners were not in violation of the State Hospital Code (10 NYCRR, ch V, subch C) and confirmed that conclusion in a letter addressed to Jacob Oliner. Special Term made an *in camera* review of the following records: "a. Cover sheet (1 page) for Patient Advocate report of 'Chapter 900' (patient abuse, mistreatment or neglect, Public Health Law §2803-d) investigation. b. Complaint Report (2 pages) of investigation. c. Attachment (2 pages) to Complaint Report. d. Report of Findings — Investigation of Complaint (2 pages) with attached Physician progress notes (3 pages), nurses monthly summary notes (2 pages), social service progress note (1 page), DMS — 1 form (2 pages). e. Addendum to Complaint Report (1 page). f. Addendum to Complaint Report (2 pages)." Special Term thereafter directed the respondents-appellants to furnish the petitioners with items b and e, which were prepared by employees of the Department of Health in the course of the investigation of the Oliner complaint, but it denied access to all other records after finding that they constituted confidential medical records or intra-agency materials not subject to disclosure. Based upon our review of records a through f, we conclude that all such records, including the confidential medical records annexed to item d, are "intra-agency materials" regarding the investigation by the Department of Health of the complaint and are exempt from disclosure (Public Officers Law, § 87, subd 2, par [g]). In addition section 2803-d (subd 6, par [c]) of the Public Health Law directs that all information relative to allegations which the Commissioner of Health has determined would not be sustained shall be expunged forthwith. Finally, section 2803-d (subd 6, par [f], cl [i]) of that law

permits limited disclosure of information relative to an investigative report pursuant to the Freedom of Information Law (Public Officers Law, art 6), after expungement or amendment, if any, is made in accordance with the provisions of that section, stating in part: "provided, however, that the identity of the person who made the report, the victim, or any other person named, except a person who the commissioner has determined committed an act of physical abuse, neglect or mistreatment, shall not be disclosed unless such person authorizes such disclosure" (cf. *Matter of Short v Board of Managers of Nassau County Med. Center,* 57 NY2d 399). Damiani, J. P., Lazer, Gulotta and Bracken, JJ., concur.