■ James C. Gleason, Jr., Petitioner, v New York State Racing & Wagering Board, Respondent. — Determination unanimously confirmed and petition dismissed, without costs. Memorandum: This CPLR article 78 proceeding was commenced to annul an order of the respondent New York State Racing and Wagering Board revoking petitioner's license to participate in harness racing. Respondent revoked petitioner's license based on findings that he violated Pari-Mutuel Revenue Law (L 1940, ch 254, as amd) and board rules by engaging in "race-fixing" on January 5, 1982 at Buffalo Raceway. The sole issue before us concerns whether respondent's failure to furnish petitioner with copies of prior statements made by four witnesses who testified concerning petitioner's race-fixing activities at the administrative hearings requires annulment of respondent's order. We agree that petitioner should have been given copies of the statements (*Matter of Fenimore Circle Corp. v State Liq. Auth.*, 27 NY2d 716; *People v Rosario*, 9 NY2d 286; *Garabedian v New York State Liq. Auth.*, 33 AD2d 980, 981, mot for lv to app den 26 NY2d 614) but find the error harmless (see *Matter of Fenimore Circle Corp. v State Liq. Auth., supra*) in view of the overwhelming evidence. Even if we disregard the testimony of the four witnesses who detailed petitioner's participation in the trifecta wagering and "race-fixing" scheme, substantial evidence supports revocation of petitioner's license. Petitioner's wrongdoing was established by: film of the race from three different cameras depicting his misconduct; documents showing the placement of the horses; testimony of a computer expert

who described when and where the trifecta wagers were placed and the unusually low payoff; and the observations of the racing judge that petitioner held back on his horse and interfered with another horse during the race. (Article 78 proceeding transferred by order of Supreme Court, Erie County, McGowan, J.) Present — Hancock, Jr., J. P., Doerr, Green, O'Donnell and Moule, JJ.