■ In the Matter of the CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., Respondent, v ONTARIO COUNTY HEALTH FACILITY, Appellant. (Appeal No. 1.) — Order unanimously affirmed, without costs. Memorandum: The Ontario County Attorney, on behalf of respondent Ontario County Health Facility, undertook an investigation into alleged employee misconduct as it related to various patients at the facility. In furtherance of this investigation, the County Attorney interviewed and obtained written statements from a number of other employees at the facility who, themselves, were not charged with misconduct. As a result of the investigation, four employees of the facility were discharged, which led to the filing of grievances on their behalf by petitioner Civil Service Employees Association, Inc. (CSEA). Arbitration proceedings then ensued in accordance with the collective bargaining agreement. ¶ At the arbitration hearings, the County Attorney, on behalf of the facility, called various employees of the facility to testify. Upon cross-examination it was revealed that these witnesses had previously given written statements to the County Attorney in furtherance of his investigation. Upon demand for production of the statements for purposes of cross-examination, the County Attorney refused, claiming that the attorney-client privilege prevented release of the statements. ¶ Petitioner CSEA commenced the instant proceedings seeking a judicial subpoena duces tecum for production of the statements. Two separate courts granted the motions, albeit on different grounds. We affirm these determinations for the reasons stated herein. ¶ As a matter of public policy and pursuant to statute, communications between an attorney and client have been accorded a privileged status (CPLR 4503; *People v Gomberg*, 38 NY2d 307, 313). It is important to note, however, that in order to invoke the attorney-client privilege, the communication sought to be suppressed must have been made for the purpose of securing legal advice or services (*Matter of Priest v Hennessy*, 51 NY2d 62, 68-69; *People v Belge*, 59 AD2d 307, 309). ¶ On the facts of this case, we cannot conclude that an attorney-client privilege exists which would shield

the statements from exposure. "It has long been settled that information received by the attorney from other persons and sources while acting on behalf of a client does not come within the attorney-client privilege" (*Kenford Co. v County of Erie,* 55 AD2d 466, 469). The burden of proving the existence of the privilege is upon the party asserting it and the simple characterization of a statement or communication as "privileged" will not suffice (*Matter of Priest v Hennessy, supra,* p 70; 5 Weinstein-Korn-Miller, NY Civ Prac, par 4503.22). "As long as the statement relates to the subject matter of the witness' testimony and contains nothing that must be kept confidential, defense counsel should be allowed to determine for themselves the use to be made of it on cross-examination" (*People v Rosario,* 9 NY2d 286, 289). The rationale of this rule applies with equal force to civil proceedings (*Matter of Inner Circle Rest. v New York State Liq. Auth.,* 30 NY2d 541; *Matter of Fenimore Circle Corp. v State Liq. Auth.,* 27 NY2d 716; *Gleason v New York State Racing & Wagering Bd.,* 98 AD2d 964; *Garabedian v New York State Liq. Auth.,* 33 AD2d 980, 981, mot for lv to app den 26 NY2d 614). ¶ Respondent's reliance upon *Upjohn Co. v United States* (449 US 383) is misplaced. There, the statements were obtained by general counsel for Upjohn from Upjohn employees for the singular purpose of advising and ultimately defending the client (Upjohn) in the face of charges leveled against the client by the Internal Revenue Service. We further note that in *Upjohn* the statements were not sought for purposes of cross-examination or to test credibility of witnesses. (Appeal from order of Supreme Court, Yates County, Dugan, J. — subpoena duces tecum.) Present — Dillon, P. J., Doerr, Boomer, Green and O'Donnell, JJ.