■ MIRACLE SOUND, INC., Respondent, v NEW YORK PROPERTY INSURANCE UNDERWRITING ASSOCIATION, Appellant.—Or-

der of the Supreme Court, New York County, entered September 14, 1989, which granted plaintiff's motion for a protective order to the extent of striking defendant's interrogatories 5-12, 22, 24-25, 34, 37-49, 51-53 and 55, limiting interrogatories 18-20 and 54 to a period of one year prior to the loss and interrogatory 21 solely to plaintiff, and limiting defendant's deposition notice of plaintiff's accountant, Benjamin Rosenstark, to plaintiff's affairs for a period of one year prior to the loss, unanimously modified, on the law, the facts, and in the exercise of discretion, to the extent of denying plaintiff's motion for a protective order as to interrogatories 5-12, 21, 37 (limited to a net worth statement as of Jan. 1, 1987), 45-47, 49 (limited to a two-year period prior to the loss), 51 (limited to 1987 tax returns), and 55 (limited to a two-year period prior to the loss), and permitting examination of accountant Rosenstark as to plaintiff's principal's finances for a two-year period prior to the loss, and is otherwise affirmed, without costs.

The order of same court, entered June 14, 1990, which denied defendant's motion to renew the prior motion and to strike plaintiff's complaint for failure of its principal to answer certain questions in his examination before trial and interrogatory 19, or alternatively to compel such answers, and granted plaintiff's cross motion to vacate the deposition notices served on two nonparty witnesses to the extent of barring examination as to items vacated by prior orders, is unanimously modified, on the law, the facts, and in the exercise of discretion, to the extent of granting defendant's motion to compel plaintiff to fully answer interrogatory 19, and denying plaintiff's cross motion to vacate the deposition notices served on the nonparty witnesses, and is otherwise affirmed, without costs.

In this action on a fire insurance policy, the insurer has interposed various defenses, including arson and the insured's misrepresentation or concealment of material facts in its proof of loss and preaction examination under oath. The appeal is taken by the insurer from various disclosure rulings relating in the main to these defenses.

Our review of IAS's disclosure rulings is guided by the following considerations. First, the standard of review is abuse of discretion. Second, as long as an affirmative defense remains undismissed, its merit must be assumed and questions concerning it must be answered if not unnecessarily burdensome. Third, the defense of arson puts in issue the financial condition of not only plaintiff but also that of its only shareholder and officer, Mr. Ben-Jacob, as relevant to whether

there was a motive to commit arson *(2423* Mermaid Realty *Corp. v New York Prop. Ins. Underwriting Assn.,* 142 AD2d 124, *lv denied* 74 NY2d 607; *see also, Shawanga Holding Corp. v New York Prop. Ins. Underwriting Assn.,* 57 AD2d 677, *lv denied* 43 NY2d 643). Fourth, the dispute as to whether IAS should have granted defendant's motion to renew is, from the perspective of an appellate court, a red herring, given defendant's appeal from both orders. The renewal motion sought answers to six interrogatories previously struck, all pertaining to the personal finances of Mr. Ben-Jacob. Since IAS had before it a defense of arson the merits of which were not under attack, it is clear that these six should not have been stricken on the first motion. Fifth, taking defendant's 22nd and 23rd affirmative defenses at face value, any deliberate, material misrepresentation made by Mr. Ben-Jacob in the preaction examination under oath is itself a sufficient basis for voiding the policy. Sixth, to the extent IAS indicated that there was no basis to inquire into the prior business at the same location, Steve and Mike Sound Corp., or Mr. Ben-Jacob's dealings with that entity, that would also appear to be an abuse of discretion, as the subject is relevant in two respects. Steve and Mike Sound Corp.'s default on the $80,000 note given to Mr. Ben-Jacob, leading to plaintiff taking over the business, indicates that a retail electronics-video business at that location was not profitable, potentially providing a motive for an arson that occurred nine months after plaintiff commenced operations; in addition, the subject was explored at the plaintiff's examination under oath concerning which defendant, in its 25th affirmative defense, asserted fraud and false swearing. Seventh, to the extent IAS indicated that inquiry into plaintiff's finances should be limited to a period of one year prior to the loss, that certainly is not unreasonable given that plaintiff commenced operations within that year; however, the same limitation should not be placed upon defendant's inquiry into Mr. Ben-Jacob's finances.

Based upon the above, plaintiff should be directed to answer interrogatories 5-11 concerning Steve and Mike Sound Corp. By the same token, interrogatories 21 concerning loans to plaintiff, 37 seeking Mr. Ben-Jacob's net worth statement (although limited to one date, namely, Jan. 1, 1987, not the four-year period demanded by defendant), 49 concerning Mr. Ben-Jacob's jewelry business (limited to two years, not the four years demanded), and 55 concerning Mr. Ben-Jacob's use of an accountant (limited to two years not the four years demanded), should be reinstated. Interrogatory 52, asking for

Mr. Ben-Jacob's residence address for the four-year period prior to the loss, and if such was a Housing Authority project, is irrelevant and its vacatur should be upheld. Concerning interrogatory 51, asking for Mr. Ben-Jacob's prior tax returns for the years 1984-1987, it is undisputed that defendant has already received the tax returns for the first three years; certainly production of the 1987 personal return, for the year of the fire, should be required.

Concerning the three interrogatories that IAS both upheld and struck, 12 concerns plaintiff's dealings with its landlord and should be answered as defendant maintains that substantial rent was owed at the time of the fire and the subject is pleaded in the 15th, 16th and 17th affirmative defenses; 46, which asks whether plaintiff retained a public adjuster, and, if so, for a copy of the retainer agreement, should be answered since it would be important to know if plaintiff had any professional assistance in the calculation of its loss claim; and 47, as to plaintiff's access to the basement storage area, should be answered as relevant to his ability to start a fire there.

Interrogatory 45 is one of the key interrogatories, asking for sales and purchase information for the nine-month period that plaintiff was in business prior to the fire, and, in view of its other rulings, it is doubtful that IAS actually intended to strike it. In any event, it should be answered.

Interrogatories 20 through 25, 38-44, and 48 concern plaintiff's sworn proof of loss, claim, examination under oath, representations to defendant and production of books and records. Since defendant was a party to all of this, it should have knowledge thereof, which explains why IAS obviously viewed these items as unnecessarily burdensome. Interrogatory 34, concerning plaintiff's actions "subsequent to the time it was notified of the loss", is way too general and was properly stricken. Interrogatory 53, which seeks the address and telephone number of an accountant believed to have prepared plaintiff's claim, was properly vacated because redundant of interrogatory 54.

Plaintiff provides no justification for its limited answer to interrogatory 19. This concerns crucial purchase documentation necessary to ascertain the accuracy of plaintiff's book inventory calculation of its loss, and plaintiff should answer it fully.

IAS's limitation on the deposition of plaintiff's accountant, Benjamin Rosenstark, to matters pertaining to plaintiff only for the one-year period prior to the loss, should be modified so

as to allow questioning as to Mr. Ben-Jacob's finances as well, but for a two-year period only, not the four-year period demanded in the notice. The limitation on the depositions of Steven and Alfred Shaloo, which IAS measured by its prior rulings on the interrogatories, should be relaxed to the extent of the modifications made herein. Presumably, IAS meant its limitation to bar questioning as to Steve and Mike Sound Corp., which limitation should be lifted. Defendant's request that Mr. Ben-Jacob be compelled to answer deposition questions concerning the identity of his "street people" creditors, and certain other deposition questions concerning the source of his money, was evidently and properly viewed by IAS as harassing, as the key points are plaintiff's admission to having other creditors in apparent contradiction to his testimony in the preaction examination under oath, and his fear of these other creditors as extortionists. Defendant has no need for the names of the loan sharks, and can have no reasonable expectation of obtaining written documentation of these loans. Concur—Ellerin, J. P., Wallach, Smith and Rubin, JJ.