■ ARTHUR MIRANDA, Appellant, v ELIZABETH MIRANDA, Respondent.—Order, Supreme Court, Bronx County (Barry Salman, J.), entered on or about November 27, 1991, which, *inter alia,* ordered the deposition of plaintiff, including inquiry into his relationship with a prior attorney, and ordered the nonparty deposition of that attorney, unanimously affirmed, without costs.

The burden of satisfying each element of the attorney-client privilege rests on the party asserting it *(Blair Communications v Reliance Capital Group,* 182 AD2d 578). On this record, plaintiff has made only the most conclusory assertions that the information sought by defendant is protected by the privilege *(see, Witt v Triangle Steel Prods. Corp.,* 103 AD2d 742). The court should not accept a mere assertion by counsel that specific information fits within the privilege *(see, Matter of Civil Serv. Employees Assn. v Ontario County Health Facility,* 103 AD2d 1000, 1001, *lv dismissed* 64 NY2d 816).

The explanation for plaintiff's assertion of the privilege, belatedly offered for the first time on this appeal, is entirely *dehors* the record, and has not been considered by this Court *(see, Knolls Coop. Section No. 2 v Evans Dev. Corp.,* 169 AD2d 690). Were we to consider it, we would nonetheless affirm.

The attorney-client privilege applies only to confidential communications with counsel, and does not immunize the underlying factual information *(Niesig v Team I,* 76 NY2d 363, 372). On appeal, counsel for defendant has represented that there will be no inquiry into the contents of any confidential communication between plaintiff and predecessor counsel, and will be expected to comply with that representation.

Concur—Murphy, P. J., Rosenberger, Wallach, Smith and Rubin, JJ.