■ MUSTAFA SERDAROGLU, Appellant, v SANDRA SERDAROGLU, Respondent. (Action No. 1.) SILVIO POLLERO et al., Respondents, v MUSTAFA SERDAROGLU, Appellant, et al., Defendants. (Action No. 2.) SILVIO POLLERO et al., Respondents, v MUSTAFA SERDAROGLU, Respondent-Appellant, and TURGAY KADIOGLU et al., Appellants-Respondents, et al., Defendant. (Action No. 3.) [621 NYS2d 806] —In an action for a divorce and ancillary relief (Action No. 1) and in related actions by the parents of the defendant in Action No. 1, *inter alia,* to enforce alleged oral subscription agreements and to compel the issuance to them of shares of stock in Serdar Service Station, Inc. (Action No. 2) and Boulevard Management, Inc. (Action No. 3), (1) Turgay Kadioglu, Irem Kadioglu, and Boulevard Management, Inc., defendants in Action No. 3, appeal, as limited by their notice of appeal and brief, from so much of an order of the Supreme Court, Nassau County (DiNoto, J.), dated October 16, 1991, as denied their motion to dismiss the complaint in

Action No. 3 insofar as it is asserted against them, and (2) Mustafa Serdaroglu, the plaintiff in Action No. 1 and a defendant in Actions Nos. 2 and 3, appeals, as limited by his notice of appeal and brief, from so much of the same order as denied his motions to dismiss the complaints in Action Nos. 2 and 3 insofar as they are asserted against him and directed him to produce certain corporate records and documents for discovery and inspection in Action No. 1 without requiring Sandra Serdaroglu, his wife and a defendant in all three actions, to execute a stipulation of confidentiality with respect thereto.

Ordered that the order is modified by deleting the provision thereof denying the branches of Mustafa Serdaroglu's motions which were to dismiss the second, third, and fourth causes of action in Actions Nos. 2 and 3, and substituting therefor a provision severing and holding those causes of action in abeyance pending the determination of the claims of the plaintiffs, Silvio and Jean Pollero, that they have an ownership interest in Serdar Service Station, Inc., and Boulevard Management, Inc.; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the plaintiffs in Actions Nos. 2 and 3.

In or about April 1991, Mustafa Serdaroglu (hereinafter Mustafa) brought an action for a divorce and ancillary relief (hereinafter Action No. 1) against Sandra Serdaroglu (hereinafter Sandra). The primary marital assets that are the subject of equitable distribution are the parties' ownership interest in two corporations—Serdar Service Station, Inc. (hereinafter Serdar), and Boulevard Management, Inc. (hereinafter Boulevard). Serdar owns an Amoco gasoline service station on Parsons Boulevard in Flushing, New York (hereinafter the Parsons Boulevard station), and Boulevard owns an Amoco gasoline service station located on Astoria Boulevard in East Elmhurst, New York (hereinafter the Astoria Boulevard station).

Shortly after Mustafa commenced Action No. 1, Sandra's parents, Silvio and Jean Pollero, commenced Actions Nos. 2 and 3, in effect seeking, *inter alia*, a judgment declaring that they own 50% of the issued and outstanding shares of Serdar stock and 25% of the issued and outstanding shares of Boulevard stock, respectively.

Mustafa then moved to dismiss the Polleros' complaints in Actions Nos. 2 and 3 insofar as they are asserted against him, and the owners of the remaining 50% of the shares of Boule-

vard stock, Turgay and Irem Kadioglu, and Boulevard also moved to dismiss the complaint in Action No. 3 insofar as it is asserted against them. They argued, *inter alia,* that Actions Nos. 2 and 3 were barred by the Statute of Frauds since the Polleros had no writings evidencing their alleged ownership interests in Serdar and Boulevard.

In opposing the motions, the Polleros conceded that they had no writings to support their claims, but argued that their claims were not barred by the Statute of Frauds because they had fully paid for their shares. With respect to Serdar, the Polleros argued that they had contributed all of the monies that had been used to purchase the Parsons Boulevard station and that they had been treated as the owners of that business. With regard to Boulevard, the Polleros argued that, until April 1991, they had received 25% of the profits of that corporation.

By an order dated October 16, 1991, the Supreme Court, *inter alia,* denied the motions to dismiss the Polleros' complaints in Actions Nos. 2 and 3. The court also granted a motion by Sandra, which she made after Mustafa had failed to comply with her disclosure demands in Action No. 1, and ordered that Mustafa make available for discovery and inspection certain corporate records and documents relating to Serdar and Boulevard. Mustafa, the Kadioglus, and Boulevard appeal. They contend that Actions Nos. 2 and 3 are barred by the Statute of Frauds. Mustafa also contends that the Supreme Court erred by not requiring that Sandra keep confidential the corporate records and documents of which she had sought disclosure. We disagree.

We agree with the appellants that, pursuant to Business Corporation Law § 503 (b), an oral subscription agreement is not enforceable *(see, Zahr v Wingate Cr. Acquisition Corp.,* 827 F Supp 1061, 1064; 2 White, New York Corporations ¶ 503.02, at 5-61 [13th ed]) and that an agreement for the sale of stock in a corporation is invalid absent a written instrument evidencing such an agreement *(see,* UCC 8-319 [a]; *Zahr v Wingate Cr. Acquisition Corp., supra,* at 1064-1065). Under the circumstances of this case, however, the Statute of Frauds does not bar the Polleros' claims in Actions Nos. 2 and 3. "[T]he mere fact, without more, that [the Polleros were] never formally issued any stock certificates does not preclude finding that [they] had the *rights of a shareholder (see, Matter of Benincasa v Garrubbo,* 141 AD2d 636, 638). Rather, such rights will be found to have vested if there was an agreement to transfer the shares, the agreed upon consideration was paid

and any conditions precedent to the issuance of the shares have been satisfied" *(Matter of C & M Plastics [Collins— Coons],* 194 AD2d 1020, 1022). There are triable issues of fact with regard to whether the sums paid by the Polleros unequivocally refer to the purchase of shares in Serdar and Boulevard *(cf., Anostario v Vicinanzo,* 59 NY2d 662, 664).

The Polleros' second, third, and fourth causes of action in Actions Nos. 2 and 3 are brought pursuant to Business Corporation Law § 626 on behalf of Serdar and Boulevard, respectively. The Polleros' right to maintain those shareholder derivative actions depends upon the success of the first cause of action of each complaint, in which the Polleros will attempt to establish their status as shareholders. Since the issue of the Polleros' standing to bring Actions Nos. 2 and 3 on behalf of Serdar and Boulevard, respectively, has not yet been determined, the second, third, and fourth causes of action of each complaint are severed and held in abeyance pending the disposition of the Polleros' claims that they are shareholders of Serdar and Boulevard *(see, Center v Hampton Affiliates,* 66 NY2d 782, 785-786).

There is no merit to Mustafa's contention that the Supreme Court should have required that Sandra keep confidential the corporate records and documents that she had demanded during discovery. We note that nowhere in his motion papers did Mustafa make such a request. While the court may, on its own initiative, make a protective order, *inter alia,* conditioning or regulating the use of any disclosure device to prevent, *inter alia,* unreasonable annoyance or other prejudice to any person (CPLR 3103 [a]), "[i]t is well settled that the determination as to the terms and provisions of discovery, and the prevention of abuse by protective orders pursuant to CPLR 3103 (a), rests in the sound discretion of the court to which the application has been made" *(Van Eycken v Van Eycken,* 142 AD2d 576). It was a provident exercise of the Supreme Court's discretion not to require that the disclosure Sandra sought be kept confidential. Bracken, J. P., Copertino, Joy and Altman, JJ., concur.