■ EISIC TRADING CORP. et al., Respondents, v SOMERSET MARINE, INC., Appellant, et al., Defendants. [622 NYS2d 728] —Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered January 7, 1994, which, *inter alia,* directed defendant-appellant to comply with the Special Master's ruling to produce certain documents for disclosure, unanimously affirmed, with costs.

The court did not abuse its discretion in refusing to find the documents are immune from disclosure *(Miracle Sound v New York Prop. Ins. Underwriting Assn.,* 169 AD2d 468, 469) as attorney-client communications, attorney work product, or materials prepared in anticipation of litigation (CPLR 3101 [b], [c], [d] [2]). The attorney-client privilege applies only to confidential communications with counsel, not to information obtained from or communicated to third parties *(Matter of Civil Serv. Empls. Assn. v Ontario County Health Facility,* 103 AD2d 1000, *lv dismissed* 64 NY2d 816), or to underlying factual information *(Miranda v Miranda,* 184 AD2d 286). Most of the documents at issue here were either disclosed to or authored by third parties, such as claims adjustors, or contained nonprivileged factual information, and cannot be considered attorney work product since they were not prepared by attorneys employed as such *(Graf v Aldrich,* 94 AD2d 823, 824). Nor are the fee statements privileged since they did not contain detailed accounts of the legal services rendered *(cf., Licensing Corp. v National Hockey League Players Assn.,* 153

Misc 2d 126). Concur—Wallach, J. P., Rubin, Ross, Asch and Mazzarelli, JJ.