■ New York TRW Title Insurance, Inc., Respondent, v Wade's Canadian Inn and Cocktail Lounge, Inc., et al., Appellants, et al., Defendants. [638 NYS2d 800] —Crew III, J.

A more detailed statement of facts may be found in this Court's prior decision in this matter (199 AD2d 661). Briefly, plaintiff's assignor loaned a sum of money to defendant Wade's Canadian Inn and Cocktail Lounge, Inc., one of defendant Robert Rastelli's corporations, for the purchase of certain real property. The note, mortgage and loan agreement all named Wade's as the borrower, but the deed to the property was issued to Rastelli individually. Hence, the net effect of the transaction was that the loan made by plaintiff's assignor to Wade's was secured by property that Wade's did not own.

Following default, plaintiff commenced this action seeking

the imposition of an equitable mortgage. In connection therewith, plaintiff sought to depose Edward Morrison, former counsel to Wade's and Rastelli (hereinafter collectively referred to as defendants), regarding, *inter alia*, the parties' intent concerning the transaction in question. Defendants thereafter moved for, *inter alia*, a protective order contending that Rastelli's communications with Morrison were confidential and, therefore, protected by the attorney-client privilege. Supreme Court, *inter alia*, denied the motion permitting plaintiff to question Morrison regarding "issues of the intent and understanding of the parties to the underlying real estate transaction". This appeal by defendants followed.

We affirm. It is well settled that a waiver of the attorney-client privilege may be found "where the client places the subject matter of the privileged communication in issue * * * or where invasion of the privilege is required to determine the validity of the client's claim or defense and application of the privilege would deprive the adversary of vital information" (*Jakobleff v Cerrato, Sweeney & Cohn*, 97 AD2d 834, 835 [citation omitted]; *see, Paruch v Paruch*, 140 AD2d 418, 421). Here, plaintiff is seeking the imposition of an equitable mortgage, an essential element of which is evidence of a clear intent between the parties that the property in question be held, given or transferred as security for the underlying obligation (*see, Datlof v Turetsky*, 111 AD2d 364, 365). Although plaintiff plainly bears the burden of proof in this regard, defendants' claim that it was plaintiff, not they, who placed the question of the parties' intent in issue is meritless.

In defending this action, Rastelli has steadfastly maintained that it was never his intent to create a mortgage; indeed, when this matter was last before us, we concluded that a question of fact existed with respect to the parties' intent based, in part, upon Rastelli's own affidavit, wherein he averred that he had no intent to create a mortgage in this regard (*see*, 199 AD2d 661, 664). Additionally, even a cursory review of the record and briefs submitted by defendants on this appeal reveals that they have squarely placed the parties' intent in issue, thereby waiving the attorney-client privilege.* Defendants' remaining contentions, including their assertion that plaintiff failed to meet the test for deposing a nonparty witness (*see*, CPLR 3101 [a] [4]), have been examined and found to be lacking in merit.

Mercure, J. P., Yesawich Jr. and Peters, JJ., concur. Ordered that the order is affirmed, with costs.

---

* In reaching this conclusion, we have not considered the transcript of Rastelli's examination before trial testimony.