■ In the Matter of the Estate of CHANTAL MILLER, Deceased. JOSEPH MILLER, Appellant; NEVA D. STROM, as Coadministratrix of the Estate of CHANTEL MILLER, Deceased, Respondent. [649 NYS2d 709] —Order, Surrogate's Court, New York County

(Eve Preminger, S.), entered January 31, 1996, which, *inter alia*, denied cross-petitioner Joseph Miller's motion to direct the continuation of the oral deposition of decedent's attorney and directed that the deposition continue upon written questions, and order, same court and Surrogate, entered February 14, 1996, which granted the motion of the temporary coadministratrix to stay his application to compel her to set apart and turn over to him $15,000 in exempt property pursuant to EPTL 5-3.1 (a) (5) pending a determination of the underlying proceeding for letters of administration, and consolidated the proceedings, unanimously affirmed, without costs.

The Surrogate's ruling on disclosure, which only fashioned an appropriate mechanism and did not reach the merits of the decedent's attorney's broad and conclusory assertion that "dealings" with his client were privileged, was an appropriate exercise of discretion in view of this witness's concern that he might inadvertently divulge privileged information and the court's conclusion that in this instance there was nothing to be gained by the spontaneity of an oral deposition. We note, however, that a motion to quash the subpoena demanding the non-party witness's testimony had not been made and that upon any review by the Surrogate of the responses or objections to the written questions, the proponent of the privilege must prove each of its elements (*Miranda v Miranda*, 184 AD2d 286) and demonstrate that it attached to confidential communications rather than to underlying facts (*Niesig v Team I*, 76 NY2d 363, 372).

The stay of cross-petitioner's application for the turnover of exempt property and its consolidation with the underlying proceeding to obtain letters of administration was also an appropriate exercise of discretion, in light of the common questions of law and fact that may be resolved by determining whether the separation agreement entered into by the cross-petitioner and decedent is enforceable (*see, e.g., Raboy v McCrory Corp.*, 210 AD2d 145, 147).

We have considered the parties' other contentions for affirmative relief and find them to be without merit. Concur—Wallach, J. P., Ross, Nardelli, Tom and Mazzarelli, JJ.