[680 NYS2d 750]

VIRGINIA MARTEN, Appellant, v EDEN PARK HEALTH SERVICES, INC., et al., Respondents.

Third Department, November 19, 1998

APPEARANCES OF COUNSEL

*Carter, Conboy, Case, Blackmore, Napierski & Maloney, P. C.,* Albany (*Timothy P. O'Keefe* of counsel), for appellant.

*Bond, Schoeneck & King, L. L. P.,* Albany (*Maureen W. Young* of counsel), for respondents.

**OPINION OF THE COURT**

SPAIN, J.

Plaintiff, a registered nurse, was employed as a unit manager at Eden Park Nursing Home in the City of Troy, Rensselaer County, a facility owned and operated by defendants. On September 4, 1996, in the course of her duties, plaintiff rendered nursing care to an elderly patient who, after plaintiff's shift had ended, suffered cardiopulmonary arrest and died. When plaintiff returned to work the following day and reviewed the patient's records, she expressed concern to her supervisor that the personnel of the facility failed to take appropriate resuscitation measures in violation of Public Health Law § 2962. On September 16, 1996, plaintiff was terminated from her position. Defendants filed a report alleging plaintiff's inappropriate treatment of the patient with the State Department of Health. Thereafter, plaintiff commenced this action alleging that she was terminated in retaliation for reporting the incident in violation of the "Whistle Blower Statute" (Labor Law § 740).* Defendants answered stating that plaintiff's termination was based upon her dereliction of her duties to the patient who died.

In September 1997, after an investigation, the Department notified plaintiff by letter of its determination that she violated Public Health Law § 2803-d and related departmental rules

---

* The record is not clear as to whether plaintiff merely "reported" her concerns about the alleged failure to take resuscitation measures to her supervisor or, additionally, made a formal report to the Department pursuant to Public Health Law § 2803-d.

and regulations in failing to properly assess the patient, in light of her cardiac history, when she complained of chest pain. Notably, in April 1998, the Department informed plaintiff that it ultimately found upon review that it could not "presently sustain its burden of proof" with respect to said charge and that it would expunge the report and determination mentioned in its September 1997 letter.

Shortly after joinder of issue, defendants served a set of interrogatories and requests for the production of documents upon plaintiff. Included among the items of discovery sought by defendants are information and documents relating to any charge or complaint filed against plaintiff or with respect to any investigation conducted by the Department or any other investigation concerning the care, treatment and death of the patient in question. Plaintiff objected to this discovery as being irrelevant and improper, as it would require disclosure of material that is subject to the attorney-client privilege and immune from disclosure under the Public Health Law, the Education Law and applicable rules and regulations. Defendants then moved in Supreme Court pursuant to CPLR 3124 to compel compliance with their discovery demands and plaintiff cross-moved for a protective order, asserting that any information relating to her representation before the Department was protected by the attorney-client privilege and was material prepared in anticipation of litigation. Supreme Court, finding that the information sought was relevant, not privileged and discoverable, granted defendants' motion to compel, denied plaintiff's motion for a protective order and also denied defendants' request for costs and counsel fees. Plaintiff appeals.

The party seeking to prevent disclosure has a heavy burden, especially where the materials sought are relevant. Under CPLR 3101 (a), "[t]here shall be full disclosure of all matter material and necessary in the prosecution or defense of an action, regardless of the burden of proof". Moreover, "trial courts are clothed with broad discretion in supervising the scope of disclosure" (*Bloss v Ford Motor Co.*, 126 AD2d 804, 805). "The words, 'material and necessary', are * * * to be interpreted liberally to require disclosure, upon request, of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity. The test is one of usefulness and reason" (*Allen v Crowell-Collier Publ. Co.*, 21 NY2d 403, 406). If immunity or privilege are raised, the party challenging disclosure "bears the burden of

establishing that the information sought is immune from disclosure" (*Bloss v Ford Motor Co., supra,* at 805; *see, Central Natl. Bank v Thorington,* 115 AD2d 829, 830). Here, plaintiff must support her claim of immunity by showing that the requested material is privileged by virtue of being material prepared in anticipation of litigation, attorney-client privilege, or protected under Public Health Law § 2803-d (6) (e) or some other statute or regulation which provides confidentiality. In our view, plaintiff did not meet her burden and, thus, Supreme Court's order should be affirmed.

Initially, we conclude that the requested materials are clearly relevant to the defense of this action. We also conclude that the materials sought from the prior administrative proceedings, which involved an inquiry into plaintiff's conduct in relation to the deceased patient, were not prepared in anticipation of the instant litigation and, thus, are not protected under the privilege asserted by plaintiff based on CPLR 3101 (d) (2) (*see, Bennett v Troy Record Co.,* 25 AD2d 799, 799-800; *see also,* CPLR 3101 [d] [2]). Furthermore, Supreme Court correctly determined that the attorney-client privilege does not protect the requested documents. Indeed, such a privilege "applies only to confidential communications with counsel, not to information obtained from or communicated to third parties" (*Eisic Trading Corp. v Somerset Mar.,* 212 AD2d 451; *see, Matter of Civil Serv. Empls. Assn. v Ontario County Health Facility,* 103 AD2d 1000, *lv dismissed* 64 NY2d 816). The materials sought herein are communications to and from the Department, not communications between plaintiff and her attorney and, thus, are not protected from disclosure.

We also reject plaintiff's contention that defendants are precluded from obtaining the requested materials because of Public Health Law § 2803-d (6) (e), which states that "any report, record of the investigation of such report and all other information related to such report shall be confidential and shall be exempt from disclosure under article six of the public officers law [Freedom of Information Law (hereinafter FOIL)]" (Public Health Law § 2803-d [6] [e]). Notably, the requests in this case do not involve a request made to the Department for documents, but rather a request under the CPLR by a party in a pending action for documents in the possession of another party (*see,* CPLR 3101). Supreme Court correctly found that nothing in Public Health Law § 2803-d (6) (e) bars pretrial discovery. It is clear that the public interest protected by FOIL

(*see*, Public Officers Law § 87) is not served by barring defendants, who have been compelled by plaintiff to litigate the issues surrounding her termination, from obtaining such information from her (*compare*, *Miller v New York State Dept. of Health*, 91 AD2d 975).

Finally, even if this Court were to find that plaintiff is protected by a statutory or regulatory privilege barring disclosure of the requested materials, we conclude that she waived any such privilege by placing her actions regarding the treatment of the patient into issue. "[W]here an individual commences a civil action and affirmatively places the information protected * * * into issue, the privilege is effectively waived" (*Wright v Snow*, 175 AD2d 451, 452, *lv dismissed* 79 NY2d 822). Defendants are entitled to disclosure especially where, as here, the information sought is "relevant to and bear[s] directly on defendant[s'] affirmative defense" (*id.*, at 452). Defendants' affirmative defense that plaintiff was fired, not for retaliatory reasons but rather for her conduct on September 4, 1996, relates directly to information placed into issue by plaintiff and, thus, is discoverable.

CARDONA, P. J., PETERS, CARPINELLO and GRAFFEO, JJ., concur.

Ordered that the amended order is affirmed, with costs.