*742 OPINION OF THE COURT
Lucy Billings, J.
I. Background
The Appellate Division, First Department, remanded this action to the New York County Supreme Court for a trial on plaintiffs’ damages caused by defendant’s breach of the proprietary lease to a cooperative apartment plaintiffs had purchased. (Measom v Greenwich & Perry St. Hous. Corp., 268 AD2d 156, 163 [1st Dept 2000].) The Supreme Court removed the action to this court. As part of the relief plaintiffs seek for defendant’s breach of contract, plaintiffs claim attorneys’ fees and expenses provided under the lease.
Insofar as the Appellate Division has not already determined plaintiffs to be the prevailing parties on the relief sought, this court now has found plaintiffs to have prevailed on damages as well as liability. Thus plaintiffs are entitled to reasonable attorneys’ fees and expenses incurred in this action. (Exhibit 1 28; Real Property Law § 234; Nestor v McDowell, 81 NY2d 410, 416 [1993]; Walentas v Johnes, 257 AD2d 352, 354 [1st Dept 1999]; see Measom v Greenwich & Perry St. Hous. Corp., 268 AD2d at 162.)
II. In Camera Review of Attorneys’ Time Records
After the trial proceeded to determine the amount of fees and expenses to be awarded, plaintiffs requested that the court review in camera an unredacted version of their attorneys’ time records, previously admitted in evidence in redacted form without objection. Plaintiffs ask the court to review the portions of their attorneys’ time records not introduced in evidence and determine the extent to which the redactions contain (1) privileged attorney-client communications or attorney work product immune from disclosure (CPLR 3101 [b], [c]; 4503 [a]), and (2) necessary description of the services performed to prove the claim for fees. Plaintiffs and their attorneys do not at this point seek protection from disclosing portions of the time records to defendant. In that situation, were defendant seeking the redacted information, and plaintiffs or their attorneys seeking not to disclose it, the court would be authorized, if not obligated, to conduct an in camera review to determine which portions were privileged or immune from disclosure and which defendant was entitled to as material and necessary to its defense. (Fochetta v Schlackman, 257 AD2d 546, 547 [1st Dept 1999].)
Here, plaintiffs and their attorneys already have exercised their rights by redacting the information plaintiffs or the *743 attorneys claim is privileged attorney-client communications or immune attorney work product. Plaintiffs and their attorneys ask the court to determine whether they have redacted too much: whether parts of the redacted material are not privileged or immune and are necessary to fully establish plaintiffs’ fee claim. (See Eisic Trading Corp. v Somerset Mar., 212 AD2d 451 [1st Dept 1995]; Baliva v State Farm Mut. Auto. Ins. Co., 275 AD2d 1030, 1031 [4th Dept 2000].)
In seeking to recover their attorneys’ fees and expenses, plaintiffs have placed the reasonableness, necessity, and value of their attorneys’ services squarely in issue, for plaintiffs’ own benefit. (Margolin v Grossman, 254 AD2d 158 [1st Dept 1998]; Marten v Eden Park Health Servs., 250 AD2d 44, 48 [3d Dept 1998]; New York TRW Tit. Ins. v Wade’s Canadian Inn & Cocktail Lounge, 225 AD2d 863, 864 [3d Dept 1996].) The court must deny or reduce compensation for services that are not described specifically enough to permit a determination whether they (1) pertain to issues on which plaintiffs prevailed, (2) were necessary and not excessive or duplicative, and (3) are commensurate with the amounts claimed. (E.g., Matter of Karp, 145 AD2d 208, 215-216 [1st Dept 1989]; American Motorists Ins. Co. v Trans Intl. Corp., 265 AD2d 280, 281 [2d Dept 1999]; Matter of Rourke v New York State Dept. of Correctional Servs., 245 AD2d 870, 871 [3d Dept 1997]; Matter of Rahmey v Blum, 95 AD2d 294, 300-301 [2d Dept 1983].) To the extent the attorneys’ time records are material and necessary to these issues, plaintiffs have waived any privilege. (Margolin v Grossman, 254 AD2d 158; Marten v Eden Park Health Servs., 250 AD2d at 47-48; New York TRW Tit. Ins. v Wade’s Canadian Inn & Cocktail Lounge, 225 AD2d at 864; Jones v Gelles, 167 AD2d 636, 639 [3d Dept 1990].) Since plaintiffs’ attorneys have conceded an interest in the award of fees and expenses, the attorneys likewise have waived any immunity for work product that is material and necessary to the issues of fees and expenses.
Plaintiffs and their attorneys must determine the information they claim is privileged or immune and establish that it is. (Spectrum Sys. Intl. Corp. v Chemical Bank, 78 NY2d 371, 377 [1991]; People v Mitchell, 58 NY2d 368, 373 [1983]; Priest v Hennessy, 51 NY2d 62, 69 [1980]; Marten v Eden Park Health Servs., 250 AD2d at 47.) The court may not make that claim for them. Plaintiffs also bear the burden to establish the reasonableness, necessity, and value of their attorneys’ services. (Matter of Karp, 145 AD2d at 216.) The court may not make their case for them.
*744 Therefore, if plaintiffs believe information is essential to establish entitlement to the fees and expenses sought, it is plaintiffs’ burden to introduce that evidence, and in that event, any privilege or immunity attached to the information is waived. It is not the court’s role to decide where plaintiffs or their attorneys should claim or waive a privilege or immunity. The court’s obligation is only to decide, where a party claims information is privileged or immune, but the opposing party seeks the information, whether the privilege or immunity does apply, whether it nevertheless must be invaded and the information disclosed, and whether its disclosure is to be limited by a confidentiality order. (CPLR 3103 [a]; People v Mitchell, 58 NY2d at 373; Matter of Priest v Hennessy, 51 NY2d at 69; Eisic Trading Corp. v Somerset Mar., 212 AD2d 451; Baliva v State Farm Mut. Auto. Ins. Co., 275 AD2d at 1031; see, e.g., Serdaroglu v Serdaroglu, 209 AD2d 600, 603 [2d Dept 1994]; Sheldon v Kimberly-Clark Corp., 111 AD2d 912, 913 [2d Dept 1985].) Nor is it the court’s role to decide what evidence plaintiffs should introduce to support their claim.
Plaintiffs claimed attorneys’ fees in the original complaint. From the outset plaintiffs’ attorneys were well aware that if successful plaintiffs would need to substantiate their claim for fees with admissible contemporaneous time records. With this objective in mind, it would have been prudent to limit the records and bills to the services performed and time spent, rather than include privileged attorney-client communications or work product. The strict definitions of the privilege and immunity, moreover, limiting them to legal advice or assistance and material prepared by attorneys, would have permitted many attorney-client communications and factual accounts to be included. (Madden v Creative Servs., 84 NY2d 738, 745 [1995]; Spectrum Sys. Intl. Corp. v Chemical Bank, 78 NY2d at 377-378; Eisic Trading Corp. v Somerset Mar., 212 AD2d 451.) Thus, had plaintiffs’ attorneys taken limited, rudimentary precautions against including privileged or immune information, which the attorneys easily could have maintained separately, plaintiffs would not now be faced with the need to redact that information and the possibility that the contemporaneous time records then may not fully support the fee claim.
Recognizing plaintiffs’ predicament, albeit of their own making, the court has permitted plaintiffs to supplement the redacted records with testimony or other evidence, if plaintiffs claim a privilege or immunity regarding the services’ description in the contemporaneous records, but otherwise can sup *745 port the services’ reasonableness, necessity, and value. (Matter of Karp, 145 AD2d at 216; Giarrusso v City of Albany, 174 AD2d 840, 841 [3d Dept 1991]; Matter of Rahmey v Blum, 95 AD2d at 300; see Wells v Crosson, 210 AD2d 932 [4th Dept 1994]; Burke v Crosson, 191 AD2d 998, 999 [4th Dept 1993].) The court also has offered repeatedly to permit plaintiffs to introduce all or parts of the redacted information subject to a confidentiality order. (CPLR 3103 [a]; see, e.g., Serdaroglu v Serdaroglu, 209 AD2d at 603; Sheldon v Kimberly-Clark Corp., 111 AD2d at 913.) Finally, if defendant’s cross-examination seeks information irrelevant to the claim for fees and expenses or subject to a privilege or immunity that has not been waived, the court will entertain and sustain a proper objection.
The court may not, however, overstep its bounds and act on plaintiffs’ behalf by claiming a privilege or immunity for them or recommending what evidence they need to support their claim for relief. Therefore the court denies plaintiffs’ request that the court review their attorneys’ time records in camera for the purposes sought.
[Portions of opinion omitted for purposes of publication.]