■ Muriel Siebert & Co., Inc., Respondent, v Intuit Inc., Appellant. [820 NYS2d 54]—

Order, Supreme Court, New York County (Richard B. Lowe, III, J.), entered November 10, 2005, which granted plaintiff's motion to disqualify defendant's counsel, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, the motion denied and the matter remanded for further proceedings. Appeal from order, same court and Justice, entered December 29, 2005, which, to the extent appealable, denied defendant's motion for renewal, unanimously dismissed as academic, without costs.

Supreme Court erred in disqualifying defense counsel on the basis of counsel's ex parte interview with one of plaintiff's former executives, notwithstanding the executive's familiarity with both the transaction that gave rise to this lawsuit and the lawsuit itself. Although the court correctly recognized that the restrictions in DR 7-104 (a) of the Code of Professional Responsibility (22 NYCRR 1200.35 [a]), prohibiting an attorney from communicating with another represented party without the consent of such party's counsel, do not apply to former employees of such party (*Niesig v Team I*, 76 NY2d 363, 369 [1990]), it erroneously found that disqualification was required because of "the appearance of impropriety" flowing from the strong possibility that privileged information was disclosed by the former executive to defense counsel during the ex parte interview.

Here, after the litigation had commenced, plaintiff terminated its chief operating officer. After plaintiff's counsel informed defense counsel that the executive was no longer within its control, both attorneys agreed that it would be appropriate for defense counsel to subpoena the witness for deposition. Before that deposition was held, defense counsel conducted a predeposition interview of the witness for approximately three hours. At the commencement of the interview, defense counsel's colleague warned the executive to be careful not to disclose any privileged information, including any legal strategies or communications with plaintiff's counsel.

While *Niesig* makes it clear that ex parte interviews of an adversary's former employee are neither unethical nor legally prohibited, some courts have acknowledged a necessary limita-

tion on this rule, namely, that the attorney must avoid obtaining any privileged information from the adversary's former employee (*Merrill v City of New York*, 2005 WL 2923520, 2005 US Dist LEXIS 26693 [SD NY 2005]). Here, the facts show that defense counsel warned the former employee that he must not disclose privileged information, and insofar as the record shows, no such information was disclosed.

A party seeking disqualification of an attorney based on the disclosure of confidential information previously made to the attorney, usually in course of previous representation, has the burden of identifying the "specific confidential information imparted to the attorney" (*Saftler v Government Empls. Ins. Co.*, 95 AD2d 54, 57 [1983]; *see also Bank of Tokyo Trust Co. v Urban Food Malls*, 229 AD2d 14, 30 [1996]). In this case, the motion court relied on the disclosure of a Muriel Siebert document titled "Timeline," which was provided by the executive to defense counsel after this litigation commenced. However, there is no proof in the record that this document constitutes privileged material. The burden of satisfying each element of the attorney-client privilege rests on the party asserting it (*Miranda v Miranda*, 184 AD2d 286 [1992]), and a court is not required to accept a party's characterization of material as privileged or confidential (*see Spectrum Sys. Intl. Corp. v Chemical Bank*, 78 NY2d 371, 378-380 [1991]; *Miranda v Miranda*, 184 AD2d 286 [1992]). Rather, the party asserting the privilege must show that the communication was made "for the purpose of facilitating the rendition of legal advice or services, in the course of a professional relationship" (*Rossi v Blue Cross & Blue Shield of Greater N.Y.*, 73 NY2d 588, 593 [1989]), and the communication itself must be primarily of a legal, not factual, character (*Spectrum Sys.*, 78 NY2d at 379; *Eisic Trading Corp. v Somerset Mar.*, 212 AD2d 451 [1995]). Here, plaintiff has made no demonstration as to how the Timeline, essentially a list of events, constitutes privileged material (*Aetna Cas. & Sur. Co. v Certain Underwriters at Lloyd's*, 263 AD2d 367 [1999], *lv dismissed* 94 NY2d 875 [2000]).

The cases relied upon by plaintiff are distinguishable. In *Heelan v Lockwood* (143 AD2d 881 [1988]), the Second Department held that disqualification of a defense attorney was required because the attorney, prior to being retained by the defendants, had acted as mediator between the parties in their commercial dispute, and had affirmatively represented to plaintiff that his role was limited to "settlement purposes" (*id.* at 883). The court found that disqualification was required to avoid the "appearance of impropriety" that resulted from the

attorney's change in role from neutral mediator to party advocate. Here, in contrast, the executive was never misled about defense counsel's role; to the contrary, counsel specifically warned him not to disclose privileged matter gained during his employment with plaintiff.

*Matter of Weinberg* (129 AD2d 126 [1987], *lv dismissed* 71 NY2d 994 [1988]), bears even less resemblance to this case. In *Weinberg*, which involved a trust accounting proceeding, the law firm for the petitioner trust beneficiary ignored the procedural rules for obtaining disclosure from a nonparty and deceitfully obtained the legal files of the trustee's former law firm, which contained numerous documents protected by the attorney-client privilege. In ordering suppression of the materials and disqualification of the petitioner's counsel, this Court found that the petitioner's law firm had engaged in "blatant abuse . . . involving willful disregard of procedural rules, deceit, and the covert acquisition of otherwise unobtainable privileged material" (*id.* at 141). Suffice it to say that defense counsel in this case committed no similar wrongful acts and, unlike *Weinberg*, there is no evidence that defendants here obtained any privileged material. Similarly, in *Best Western Intl. v CSI Intl. Corp.* (1995 WL 505565, *2, 1995 US Dist LEXIS 12314, *6 [SD NY 1995]), a former employee of the plaintiff provided three boxes of the plaintiff's internal documents to defense counsel, "which it is acknowledged included privileged documents." There is no basis for disqualification in the instant case.

We have examined the parties' remaining contentions and find them to be without merit. Concur—Buckley, P.J., Saxe, Nardelli, Gonzalez and Catterson, JJ.