KIMBERLY HURRELL-HARRING et al., on Behalf of Themselves and All Others Similarly Situated, Respondents, v STATE OF NEW YORK et al., Appellants. [905 NYS2d 334]—

Kavanagh, J. Appeal (upon remittal from the Court of Appeals) from an order of the Supreme Court (Devine, J.), entered August 12, 2008 in Albany County, which denied a motion by defendant State of New York to declare the attorney-client privilege waived as to certain of the named plaintiffs, among others.

Plaintiffs, individuals who had been assigned public defenders to represent them in their various criminal proceedings, commenced this putative class action alleging that the public defense system as presently constituted posed an unacceptable risk to indigent criminal defendants and was, in effect, resulting in a systematic denial of their constitutional right to counsel. In that regard, plaintiffs sought an injunction requiring defendant State of New York to take steps ensuring that indigent defendants charged with crimes are provided with legal services consistent with those constitutional guarantees. The State moved to dismiss the complaint claiming, among other things, that it failed to state a cause of action and, by order to show cause, sought an order declaring that plaintiffs and nonparty plaintiffs had waived the attorney-client privilege by submitting affidavits alleging numerous deficiencies in the representation they received from their assigned counsel.

In separate orders, Supreme Court conditionally denied the motion to dismiss, and denied the motion seeking a declaration that plaintiffs had waived the attorney-client privilege. Defendants appealed from both orders and this Court, in granting the State's motion to dismiss, also dismissed as academic their appeal from an order denying the motion to declare the attorney-client privilege waived (*Hurrell-Harring v State of New York*, 66 AD3d 84, 92, 99 [2009]). The Court of Appeals subsequently modified this Court's decision, reinstated a portion of the complaint, and remitted the matter to this Court for consideration of any outstanding issue raised but not addressed in the prior appeal (*Hurrell-Harring v State of New York*, 15 NY3d 8 [2010]).

In that regard, the only issue that remains to be addressed is raised in defendants' appeal from the order denying the State's request for a declaration that the attorney-client privilege has been waived by those individuals who submitted affidavits regarding the representation they had received from their assigned public defenders in the underlying criminal actions. "[A] waiver of the attorney-client privilege may be found 'where the client places the subject matter of the privileged communication in issue . . . or where invasion of the privilege is required to determine the validity of the client's claim or defense and application of the privilege would deprive the adversary of vital information' " (*New York TRW Tit. Ins. v Wade's Can. Inn & Cocktail Lounge*, 225 AD2d 863, 864 [1996], quoting *Jakobleff v Cerrato, Sweeney & Cohn*, 97 AD2d 834, 835 [1983]; *see Deutsche Bank Trust Co. of Ams. v Tri-Links Inv. Trust*, 43 AD3d 56, 63-64 [2007]). Here, 17 of the named plaintiffs submit-

ted affidavits detailing their contacts with assigned counsel during the course of their prosecution to support their claim that the legal representation they received was constitutionally deficient.* Given their entire content, we do not agree with defendants that these affidavits necessarily put in issue all communications between a plaintiff and their assigned counsel that would otherwise be privileged. This is especially true where the subject matter contained in the affidavit is not vital or entirely relevant to the claims raised in this litigation (*see New York TRW Tit. Ins. v Wade's Can. Inn & Cocktail Lounge*, 225 AD2d at 864). In our view, Supreme Court providently exercised its discretion by concluding that any waiver of the privilege must be evaluated on an individual basis and only upon such an evaluation can it be determined if an individual plaintiff, by submission of his or her affidavit, has waived his or her right to assert the attorney-client privilege in this action.

Peters, J.P., Lahtinen, Stein and McCarthy, JJ., concur. Ordered that the order is affirmed, without cost. **[Prior Case History: 20 Misc 3d 1108(A), 2008 NY Slip Op 51276(U).]**

---

* Six individuals who are not named plaintiffs also submitted affidavits that outlined alleged deficiencies in the representation provided by their assigned counsel in their criminal proceedings.