Order, Supreme Court, New York County (Judith J. Gische, J.), entered February 15, 2011, which, to the extent appealed from as limited by the briefs, denied plaintiff 150 Nassau Associates LLC’s motion to compel discovery, denied the motions made by defendants RC Dolner LLC and Kensington-Nassau, LLC to compel the production of certain income tax records and to impose discovery sanctions against Nassau, unanimously modified, on the law, to the extent of granting the motion to compel production of tax records of certain entities insofar as the records relate to the entities’ interests in the property located at 150 Nassau Street, New York, New York, and otherwise affirmed, without costs.
*677 On this record, where the only documents responsive to Nassau’s document requests have been produced multiple times, the final time in a searchable PDF format, and where Nassau did not request documents in the “native” file format, read and written by Nassau’s spreadsheet and accounting software, until its reply on its own motion to compel, it cannot be said that it was an abuse of the court’s discretion to deny reproduction of the documents in their native format (Miracle Sound v New York Prop. Ins. Underwriting Assn., 169 AD2d 468, 469 [1991]; Autotech Tech. Ltd. Partnership v Automationdirect.com, Inc., 248 FRD 556, 559-560 [2008]). This is especially true because Nassau has admitted that the only benefit of requiring RC Dolner to produce these documents again is Nassau’s convenience.
Defendants have, however, proved entitlement to the tax records of those entities that have an ownership interest in the subject property. Defendants have adequately shown that they have no other way of obtaining the profit information necessary to prove one of their claims, and the motion court erred in denying access to the records, despite recognizing that defendants’ argument had “traction,” and despite there being no substantive opposition from plaintiff.
Finally, the denial of defendants’ motion for sanctions was not improper. Such an award is discretionary (Orner v Mount Sinai Hosp., 305 AD2d 307, 311 [2003]), and we cannot say that, on a record where accusations of discovery abuse abound and neither party appears to have been fully cooperative, the court’s denial of sanctions was improvident (id.).
We have considered the parties’ remaining arguments for affirmative relief and find them unavailing. Concur — Andrias, J.P., Friedman, Moskowitz, Freedman and Manzanet-Daniels, JJ. [Prior Case History: 30 Misc 3d 1224(A), 2011 NY Slip Op 50182(U).]