■ CHINA PRIVATIZATION FUND (DEL.), L.P., Appellant, v GALAXY ENTERTAINMENT GROUP LIMITED, Respondent. [32 NYS3d 71]—

Order, Supreme Court, New York County (Jeffrey K. Oing, J.), entered July 14, 2015, which, among other things, granted defendant's motion to continue the deposition of plaintiff's former deal counsel, unanimously affirmed, without costs.

The motion court providently exercised its discretion in ordering the continued deposition of plaintiff's former deal counsel, William Barron, and requiring him to answer questions regarding the underlying transaction, to the extent he can do so without revealing attorney-client privileged communications (*see Brooklyn Union Gas Co. v American Home Assur. Co.*, 23 AD3d 190 [1st Dept 2005]).

Barron's deposition testimony established that he led the team which primarily drafted the indenture at issue, and that he was familiar with the intended structure of the indenture and its conversion price provisions, which are the heart of the parties' dispute in the underlying breach of contract lawsuit (*see China Privatization Fund [Del], L.P. v Galaxy Entertainment Group Ltd.*, 95 AD3d 769, 770 [1st Dept 2012]). He thus possesses information that is "material and necessary" to the prosecution and defense of the action (CPLR 3101 [a]; *see 305-7 W. 128th St. Corp. v Gold*, 178 AD2d 251, 251 [1st Dept 1991]).

Plaintiff bears the burden of establishing any right to protection on attorney-client privilege grounds (*Spectrum Sys. Intl. Corp. v Chemical Bank*, 78 NY2d 371, 377 [1991]; *Miranda v Miranda*, 184 AD2d 286, 286 [1st Dept 1992]). Barron's conclusory and speculative assertions during his initial deposition, that he did not recall any specific conversations but did not "feel confident" that he could answer "without potentially revealing" privileged communications, did not suffice to meet that burden (*Miranda*, 184 AD2d at 286; *see also Coastal Oil N.Y. v Peck*, 184 AD2d 241 [1st Dept 1992]). The motion court properly ordered Barron to specify the basis for his assertion of the privilege, such as by identifying specific conversations or communications with plaintiff.

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Sweeny, J.P., Acosta, Manzanet-Daniels, Gische and Gesmer, JJ.