OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed, with costs.
 

 On January 6, 1981, the Town Board of the Town of Huntington, after public hearings pursuant to notice, by resolution approved an amendment to its agreement with Cablevision Systems Huntington, one of its two nonexclusive cable franchisees, to provide for aboveground and underground expansion of cable television services. The resolution recited that Cablevision had made oral representations at the hearing upon which the town’s approval was conditioned, and directed Cablevision to place its representations in a writing to be approved by the Town Supervisor. On January 29, 1981, Cablevision presented the town with such a writing, which was approved by the Supervisor. By order of March 25, 1981, the State of New York Commission on Cable Television, pursuant to section 822 of the Executive Law, approved the amendment as set forth in the January 6 resolution and January 29 letter. Appellant, Huntington TV Cable Corporation, the town’s other cable franchisee, having fought approval of the amendment before the Town Board and the Commission, then brought an article 78 proceeding to set aside the Commission’s order on the ground that the amended franchise adopted by the Town Board on January 6 was improperly altered by the January 29 letter, which appellant alleges contained substantial deviations concerning when Cablevision would energize its aboveground cable lines. Both Special Term and the Appellate Division upheld the
 
 *928
 
 Commission’s order. Because the January 29 letter did not substantially deviate from the resolution, we affirm
 
 *
 

 Section 822 of the Executive Law provides that the Commission shall not approve a cable franchise amendment if “approval would be in violation of law.” The Commission’s rules further provide that “[n]o cable television franchise may be amended except after a public hearing preceded by reasonable notice.” (9 NYCRR 592-1.3 [a].) A grant of franchise rights must be made by the Town Board (Town Law, § 64, subd 7) and section 94-32 of the Huntington Town Code requires that “[n]o franchise shall be granted * * * unless by resolution of the Town Board * * * after a public hearing and after the required notice provisions are complied with”. Here, the Town Board’s resolution of January 6 was adopted after notice and hearings. The resolution concludes:
 

 “further resolved that, as a result of said hearing Cable Systems of Huntington, Inc. made certain representations to this Board as to construction schedule and energizing systems and other matters and therefore these representations shall be considered conditions precedent for the continuance of this franchise and the franchisee shall execute necessary papers to place these representations in writing and same shall be approved by the Supervisor for the Town Board and the Town Attorney, and such agreement shall contain, among other provisions, the following:
 

 “(a). At the end of fifteen (15) months, there shall be a completion of the underground installation;
 

 “(b). All work shall be completed within twenty-four (24) months; and
 

 “(c). There shall be a non-energization of the above ground facilities and system until completion of all underground work.”
 

 The “necessary papers” referred to in the resolution were thereafter embodied in Cablevision’s January 29 letter. That letter contained the following promises of Cable vision, which were accepted by the Town Supervisor:
 

 “Cablevision will not energize or turn on its cable television system in Area 2B until Areas 1 and 2A are completed
 
 *929
 
 and energized, and will meet its 24-month deadline for completion of all its construction work.
 

 “Unless Cablevision has fully constructed all underground work in unserved portions of Areas 1 and 2A, Cablevision will not energize or turn on any portion of its overhead system in the served area designated as Area 1, north of the Northern State Parkway, without the prior approval of the Town Board.”
 

 Appellant claims that the January 29 letter materially altered the January 6 resolution in that the letter provides for partial aboveground energization before all underground cable work is finished, and that the absence of notice and a hearing regarding this alteration rendered the franchise amendment unlawful and not subject to approval by the Commission. This would be so only if the terms of the letter amounted to a substantial deviation from the resolution of the Town Board approved on January 6.
 
 (Village of Mill Neck v Nolan,
 
 259 NY 596, 597; see
 
 Orth-O-Vision, Inc. v City of New York,
 
 101 Misc 2d 987, 997.)
 

 A review of the record, particularly the minutes of the January 6 Town Board hearing at which the resolution was adopted and the executive session that preceded that hearing, shows that the Board intended that the amendment provide for schedules for completion of underground work and that the Board intended to reserve the power to approve any aboveground energization as a means of insuring timely performance of Cablevision’s underground work. The January 29 letter is consistent with that expressed intent, and amounts to the clarification called for by the Board’s resolution, not the type of substantial deviation requiring new notice and hearing.
 

 Given the evidence in the record, there was a rational basis for the Commission’s conclusion that the amendment complied with necessary notice and hearing procedures, and the court below was therefore correct in approving the Commission’s order.
 

 Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer, Simons and Kaye concur.
 

 Order affirmed, with costs, in a memorandum.
 

 *
 

 Several other procedural errors, which were alleged by appellant and rejected by the courts below, are not pressed on this appeal.