■ MICHAEL MAZZEI, Respondent, and JOANN MAZZEI et al., Respondents-Appellants, v POKORNY, SCHRENZEL & POKORNY, Appellant-Respondent.—In an action to recover damages for legal malpractice, (1) the defendant appeals, as limited by its notice of appeal and brief, from so much of an order of the Supreme Court, Kings County (Krausman, J.), dated January 23, 1985, as denied its cross motion for summary judgment dismissing the complaint insofar as it is asserted by the plaintiff Michael Mazzei, and (2) the plaintiffs, with the exception of Michael Mazzei, cross-appeal, as limited by their notice of appeal and brief, from so much of the same order as denied that branch of their motion which was to dismiss the first and second affirmative defenses.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

In this action, the plaintiffs allege that the defendant law firm was retained to represent them in an action involving the City of New York, against whom they had several viable causes of action. Thereafter, the defendant commenced an action on behalf of plaintiff Michael Mazzei, but allegedly, the defendant negligently failed to timely serve notices of claim with respect to all his viable causes of action, with the exception that one was timely served with respect to his cause of action to recover damages for malicious prosecution. As a result, with the exception of the malicious prosecution claim, all of the plaintiff Michael Mazzei's causes of action were dismissed. Additionally, it is alleged that the defendant failed to commence any action on behalf of the other plaintiffs.

Subsequently, the plaintiffs' present attorneys were substituted for the defendant; Michael Mazzei's malicious prosecution claim was settled and it is undisputed that he gave a general release to the City of New York.

Special Term properly found, contrary to the defendant's contention, that the general release which the plaintiff Michael Mazzei executed upon the settlement of the underlying action, does not preclude him from bringing the present action (see, *Wille v Maier,* 256 NY 465, *rearg denied* 256 NY2d 692; *Titsworth v Mondo,* 95 Misc 2d 233; *cf. Cohen v Lipsig,* 92 AD2d 536; *Kerson Co. v Shayne, Dachs, Weiss, Kolbrenner, Levy & Levine,* 45 NY2d 730, *affg* 59 AD2d 551 *on concurring opn of Suozzoi, J.).* Contrary to the defendant's contention, it is not a successive tort-feasor (see, *Hill v St. Clare's Hosp.,* 67 NY2d 72). Even if it could be considered such, the execution of a general release would not bar the present action (see, General Obligations Law § 15-108 [a]; *Hill v St. Clare's Hosp., supra).*

Special Term also properly denied those branches of the plaintiffs' motion which were to dismiss the defendant's first and second affirmative defenses, which are based upon the failure to state a cause of action and the Statute of Limitations, insofar as those affirmative defenses pertain to the plaintiffs other than Michael Mazzei. As the defendant disputes the assertion that it was retained by the plaintiffs Joann Mazzei, Francis Mauriello and Henrietta Mauriello, an issue of fact is presented as to whether an attorney-client relationship existed between the defendant and these plaintiffs. A determination of this issue necessarily must precede any determination of whether the cause of action to recover damages for legal malpractice was timely brought on behalf of these plaintiffs within the applicable statutory period of limitation (CPLR 214 [6]). Mangano, J. P., Weinstein, Lawrence and Kooper, JJ., concur.