■ Manufacturers and Traders Trust Company, Appellant, v Fritz Bittorf et al., Respondents. [627 NYS2d 686] —Order, Supreme Court, New York County (Leland DeGrasse, J.), entered on or about March 18, 1994, which, *inter alia*, denied plaintiff's cross-motion for summary judgment, granted defendant Kokot's cross-motion for summary judgment, and dismissed the complaint in its entirety, unanimously modified, on the law, to the extent that the complaint be reinstated as to both defendants, and otherwise affirmed, without costs.

The IAS Court erred in dismissing the complaint as to each defendant. Defendant Kokot's arguments in support of his cross-motion for summary judgment have merit to the extent that they are grounded in res judicata and collateral estoppel (*see, O'Brien v City of Syracuse*, 54 NY2d 353, 357; *Matter of Reilly v Reid*, 45 NY2d 24, 26-28) and his status as a limited partner (*see*, Partnership Law § 121-303; *Riviera Congress Assocs. v Yassky*, 25 AD2d 291, 295, *affd* 18 NY2d 540); nevertheless he should be estopped, on equitable grounds, from successfully asserting them (*see, Rothschild v Title Guar. & Trust Co.*, 204 NY 458, 464; *Stambovsky v Ackley*, 169 AD2d 254, 257-258; *Tahini Invs. v Bobrowsky*, 99 AD2d 489, 490; *Matter of Huntington TV Cable v State of N. Y. Commn. on Cable Tel.*, 94 AD2d 816, 819, *affd* 61 NY2d 926; *Haberman v Greenspan*, 82 Misc 2d 263, 265-266). Contrary to his assertions, the court's decision in the prior foreclosure matter was clearly premised on a finding of fraud based upon active concealment of crucial information from plaintiff; Kokot was implicated as a party to

that fraud, notwithstanding the fact that he was not a party to the proceeding. Given these circumstances, he should be required to defend this action on the merits.

With respect to defendant Bittorf, the dismissal of the complaint was error because he had the opportunity to contest the issues raised in the antecedent foreclosure proceeding, and was clearly bound by the order of that court. That court's order, premised on findings of fraud, served as grounds for the instant action seeking damages for the same fraudulent conduct, and principles of res judicata or collateral estoppel apply to preclude a defense by Bittorf to the instant action (*see, O'Brien v City of Syracuse, supra*; *Corto v Lefrak*, 203 AD2d 94, 95; *Lanzano v City of New York*, 202 AD2d 378, 379, *lv denied* 83 NY2d 760).

The dismissal of the complaint was unwarranted to the extent that it was based upon RPAPL 1301 (3), since it was unknown whether the damages sought were duplicative of those to be computed in the foreclosure. This being the case, summary judgment should have been denied to the plaintiff, not granted to the parties opposing the motion (*Gale v Kessler*, 93 AD2d 744, 745 ["(s)ummary judgment is a drastic remedy which should not be granted where there is any doubt of the existence of a triable issue (citation omitted), or where the issue is even arguable"]).

Nor should dismissal have been premised on the assertion that the damages claimed due to the decline in value of the mortgaged property were speculative, since the only question was as to the amount, not the existence, of the damages (*see,* CPLR 3212 [c]; *Sterone Corp. v Smith*, 28 AD2d 524). The value of the property was known with relative certainty at the time of the sale and the amount of decline can be determined, e.g., by placing the building on the open market. Concur—Ellerin, J. P., Ross, Rubin, Nardelli and Williams, JJ.