◼ TOWN OF BABYLON, Appellant, v TULLY CONSTRUCTION Co., INC., Respondent. [662 NYS2d 590] —In an action, *inter alia*, for a judgment declaring a letter agreement between the parties dated May 9, 1995, and an arbitration clause contained therein, as "void, a nullity and of no legal force and effect", the plaintiff appeals from an order of the Supreme Court, Suffolk County (Gerard, J.), dated January 23, 1997, which, upon reargument, denied its motion to stay arbitration and granted the defendant's cross-motion to compel arbitration.

Ordered that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Suffolk County, for the entry of a judgment declaring that the letter agreement between the parties dated May 9, 1995, and the arbitration clause contained therein, is in effect.

In the instant action, the plaintiff Town of Babylon (hereinafter the Town) alleged, *inter alia*, that a letter agreement between the parties dated May 9, 1995, which was executed by a

Deputy Town Attorney and contained a broad arbitration clause, was of no legal effect in view of the Town Board's failure to authorize this agreement by resolution, pursuant to Town Law § 64 (6). We disagree.

On June 6, 1995, the Town Board duly passed Resolution No. 462 authorizing the Town Supervisor and Comptroller to execute, *inter alia*, Change Order No. 16, which made reference to the letter agreement dated May 9, 1995. In accordance with Resolution No. 462, Change Order No. 16 was signed by the Town Supervisor and Comptroller on the next day, June 7, 1995.

Under these circumstances, the Town Board's Resolution No. 462 constituted a ratification of the letter agreement dated May 9, 1995, and thus the Town was bound by the arbitration clause contained therein (*see generally, Seif v City of Long Beach,* 286 NY 382, 386-387; *Matter of Huntington TV Cable Corp. v State of New York Commn. on Cable Tel.,* 61 NY2d 926).

We note that since this is a declaratory judgment action, the Supreme Court should have directed the entry of a declaration in favor of the defendant (*see, Lanza v Wagner,* 11 NY2d 317, 334, *appeal dismissed* 371 US 74, *cert denied* 371 US 901). Mangano, P. J., Copertino, Altman and Goldstein, JJ., concur.