▆ Joseph Finn et al., Plaintiffs, v Town of Southampton et al., Defendants. (Action No. 1.) Joseph E. McVeigh, Respondent, et al., Plaintiff, v Town of Southampton et al., Defendants, and Mercedes-Benz Credit Corporation, Appellant. (Action No. 2.) [698 NYS2d 539] —In two related actions to recover damages for personal injuries, etc., Mercedes-Benz Credit Corporation, a defendant in Action No. 2, appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Hall, J.), dated February 10, 1999, as denied that branch of its motion which was to compel Joseph E. McVeigh, a plaintiff in Action No. 2, to provide authorizations for his complete academic, employment, and medical records.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court providently exercised its discretion in denying that branch of the motion of Mercedes-Benz Credit Corporation (hereinafter MBCC), a defendant in Action No. 2, which was to compel Joseph E. McVeigh, a plaintiff in Action No. 2, to provide authorizations for his complete academic, employment, and medical records. The notice to produce of MBCC was overbroad and failed to specify the documents sought with "reasonable particularity" (CPLR 3120 [a] [2]; *Harrison v Bayley Seton Hosp.,* 247 AD2d 513; *Julius Blum, Inc. v Allied Hardware,* 237 AD2d 492; *Fascaldi v Fascaldi,* 209 AD2d 578, 579; *American Reliance Ins. Co. v National Gen. Ins. Co.,* 174 AD2d 591). O'Brien, J. P., Sullivan, Goldstein and Feuerstein, JJ., concur.