■ In the Matter of the Estate of MARTHA EHMER, Deceased. Estate of MARTHA EHMER, Appellant; Estate of KARL EHMER, Respondent. CORBALLY, GARTLAND & RAPPLEYEA, L. L. P., Nonparty Respondent. [708 NYS2d 903] —In a probate proceeding, the appeals, as limited by the appellant's brief, are from so much of (1) an order of the Surrogate's Court, Dutchess County (Pagones, S.), dated March 26, 1999, as granted the motion of

nonparty Louis Viglotti to quash a subpeona directing him to appear for depositions, and (2) an order of the same court, dated August 2, 1999, as (a) granted the motion of nonparty Corbally, Gartland & Rappleyea, L. L. P., to quash a subpoena duces tecum and (b) denied the appellant's cross motion to compel discovery.

Ordered that the orders are affirmed insofar as appealed from, with one bill of costs to Corbally, Gartland & Rappleyea, L. L. P., payable by the appellant personally.

The appellant served subpoenas duces tecum and notices to take oral depositions on the nonparty Louis Viglotti, and on the nonparty law firm of Corbally, Gartland & Rappleyea, L. L. P., seeking information and documents concerning, *inter alia*, the settlement of a related action entitled *Karl Ehmer v Alan Hanssler,* which had been pending in the Supreme Court, Dutchess County, under Index No. 1578/95. The nonparties each represented litigants in the related action. In the orders appealed from, the Surrogate, *inter alia*, granted the nonparties protective relief. We affirm.

To the extent that the nonparty Louis Viglotti did not proffer documents in response to the appellant's subpoena duces tecum, he proffered an unrebutted affirmation that he was not in possession of any of the documents sought. The subpoena duces tecum served upon the nonparty Corbally, Gartland & Rappleyea, L. L. P., lacked specificity and was overbroad (*see, Myrie v Shelley,* 237 AD2d 337; *West 16th Realty Co. v Ali,* 176 Misc 2d 978; CPLR 2301). Furthermore, the subpoena was facially invalid and unenforceable because it did not contain, and was not accompanied by, a notice setting forth the reasons why disclosure was sought (*see, Matter of Validation Review Assocs.,* 237 AD2d 614; *Kaufman v Red Ground Corp.,* 170 AD2d 484). In any event, to the extent that the information sought by the appellant from the nonparties would not impermissibly tread upon attorney-client privilege or involve attorney work-product (*see, Miranda v Miranda,* 184 AD2d 286; *ACWOO Intl. Steel Corp. v Frenkel & Co.,* 165 AD2d 752), the appellant failed to establish that the information is otherwise unobtainable (*see, Matter of Validation Review Assocs.,* 237 AD2d 614, *supra*; *Schwarz v Schwarz,* 227 AD2d 611; *Matter of Beiny,* 129 AD2d 126). Accordingly, the Supreme Court properly granted protective relief to the nonparties.

The appellant's remaining contentions are without merit. Ritter, J. P., Sullivan, Altman and Feuerstein, JJ., concur.