■ CHRISTINE DEGLIUOMINI, Respondent, v BEATRICE DEGLIUOMINI, Appellant. [764 NYS2d 846] —In an action for partition of real property and an accounting, the defendant appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (M. Garson, J.), dated February 5, 2003, as denied that branch of her motion which was to quash a subpoena served upon the nonparty Gregg M. Sidoti.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion which was to quash the subpoena served upon the nonparty Gregg M. Sidoti is granted.

The plaintiff served a subpoena on the defendant's former attorney, the nonparty Gregg M. Sidoti, seeking, inter alia, information and documents concerning two of Sidoti's former clients, Inter Metal Fabricators, Inc., and Amboy Steel, Inc. Insofar as the subpoena sought the production of "any and all documents information [sic]" it was improper since it did not specify the documents sought with "reasonable particularity" (CPLR 3120 [b]; see Matter of Ehmer, 272 AD2d 540 [2000]; Finn v Town of Southampton, 266 AD2d 429 [1999]; Myrie v Shelley, 237 AD2d 337 [1997]; Fascaldi v Fascaldi, 209 AD2d 578 [1994]). Moreover, to the extent that the information sought by the plaintiff from Sidoti was not protected from disclosure by the attorney-client privilege (see CPLR 4503 [a]; Priest v Hennessy, 51 NY2d 62 [1980]; Matter of Ehmer, supra; Miranda v Miranda, 184 AD2d 286 [1992]), the plaintiff failed to establish that the information was otherwise unobtainable (see Golden Mark Maintenance v Alarcon, 265 AD2d 377 [1999]; Matter of Validation Review Assoc., 237 AD2d 614 [1997]). Accordingly, that branch of the defendant's motion which was to quash the plaintiff's subpoena served upon Sidoti should have been granted. Santucci, J.P., Feuerstein, Goldstein, Schmidt and Cozier, JJ., concur.