■ Mary Ann Pistilli, Appellant, v Michael Gandin et al., Respondents. [780 NYS2d 293]—

In an action to recover damages for legal malpractice, the

plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Burke, J.), entered July 18, 2003, which, upon an order of the same court dated July 1, 2003, granting the defendants' motion for summary judgment dismissing the complaint, dismissed the complaint.

Ordered that the judgment is affirmed, with costs.

On a cause of action to recover damages for legal malpractice, a plaintiff must prove that the defendant failed to exercise the care, skill, and diligence commonly possessed and exercised by a member of the legal profession, that the defendant's negligence was a proximate cause of the loss sustained, that the plaintiff incurred actual damages as a result of the defendant's actions or inaction, and that but for the defendant's negligence, the plaintiff would have prevailed in the underlying action or would not have sustained any damages (*see Arnav Indus., Inc. Retirement Trust v Brown, Raysman, Millstein, Felder & Steiner*, 96 NY2d 300, 303-304 [2001]; *Magnacoustics, Inc. v Ostrolenk, Faber, Gerb & Soffen*, 303 AD2d 561, 562 [2003]). For a defendant in a legal malpractice case to succeed on a motion for summary judgment, evidence must be presented in admissible form establishing that the plaintiff is unable to prove at least one of the essential elements (*see Crawford v McBride*, 303 AD2d 442 [2003]).

The defendants established their entitlement to judgment as a matter of law by submitting admissible evidence showing that the alleged malpractice was not a proximate cause of the plaintiff's damages resulting from the adverse judgment in the underlying Surrogate's Court proceedings. In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint, and dismissed the complaint (*see Crawford v McBride, supra*). Florio, J.P., S. Miller, Rivera and Lifson, JJ., concur.