■ CYNTHIA DIMOND, Also Known as CINDY DIMOND, Appellant, v KAZMIERCZUK & McGRATH et al., Respondents. [790 NYS2d 219]—

In an action to recover damages for legal malpractice, the plaintiff appeals from an order of the Supreme Court, Queens County (Golar J.), dated April 7, 2004, which denied her motion, in effect, for summary judgment, and granted the defendants' cross motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

To recover damages for legal malpractice, a plaintiff must prove (1) that the defendant attorney failed to exercise that degree of care, skill, and diligence commonly possessed by a member of the legal community, (2) that the attorney's conduct was the proximate cause of the loss sustained, (3) that the plaintiff sustained damages as a direct result of the attorney's actions, and (4) that the plaintiff would have been successful in the underlying action had the attorney exercised due care (*see Iannarone v Gramer,* 256 AD2d 443, 444 [1998]; *Volpe v Canfield,* 237 AD2d 282, 283 [1997]). To succeed on a motion for summary judgment, the defendant in a legal malpractice action must present evidence in admissible form establishing that the plaintiff is unable to prove at least one of these essential elements (*see Ostriker v Taylor, Atkins & Ostrow,* 258 AD2d 572 [1999]).

The plaintiff alleges that the defendants committed malpractice in the underlying action by choosing an expert witness who was ultimately found to be unqualified by the trial court. However, the defendants demonstrated that their choice of expert was a reasonable exercise of their judgment regarding how to proceed in the trial of the underlying action (*see Rubinberg v Walker,* 252 AD2d 466, 467 [1998]). Furthermore, insofar as the plaintiff claims that the defendants should have used a different expert at the trial, the "selection of one among several reasonable courses of action does not constitute malpractice" (*Rosner v Paley,* 65 NY2d 736, 738 [1985]; *see Holschauer v Fisher,* 5 AD3d 553 [2004]).

Accordingly, since the defendants presented evidence which demonstrated that the plaintiff could not establish their failure to exercise the degree and skill commonly possessed by a member of the legal community, the Supreme Court properly granted their cross motion for summary judgment dismissing the complaint and denied the plaintiff's motion, in effect, for summary judgment (*see Iannacone v Weidman,* 273 AD2d 275 [2000]; *Won The Hwang v Bierman,* 206 AD2d 360 [1994]). Santucci, J.P., Krausman, Mastro and Skelos, JJ., concur.