■ SEBASTIAN J. PORELLO, Appellant, v RICHARD D. LONGWORTH et al., Respondents. [799 NYS2d 918]—

In an action, inter alia, to recover damages for legal malpractice, the plaintiff appeals from an order of the Supreme Court, Nassau County (Feinman, J.), entered December 22, 2004, which granted the defendants' motion for summary judgment dismissing the complaint and denied his cross motion for summary judgment.

Ordered that the order is affirmed, with costs.

To establish a cause of action to recover damages for legal malpractice, a plaintiff must prove that (1) the attorney failed to exercise that degree of care, skill, and diligence commonly possessed by a member of the legal community, (2) the attorney's conduct was the proximate cause of the loss, (3) the plaintiff sustained damages as a direct result, and (4) the plaintiff would have been successful in the underlying action had the attorney exercised due care (*see Dimond v Kazmierczuk & McGrath*, 15 AD3d 526, 527 [2005]; *Magnacoustics, Inc. v Ostrolenk, Faber, Gerb & Soffen*, 303 AD2d 561, 562 [2003]; *Ippolito v McCormack, Damiani, Lowe & Mellon*, 265 AD2d 303 [1999]; *Volpe v Canfield*, 237 AD2d 282, 283 [1997]).

Here, the defendants demonstrated their prima facie entitlement to summary judgment by establishing that the plaintiff was unable to prove at least one of the essential elements of the legal malpractice cause of action (*see Dimond v Kazmierczuk & McGrath, supra; DeGregorio v Bender*, 4 AD3d 385 [2004]; *Albanese v Hametz*, 4 AD3d 379, 380 [2004]; *Ostriker v Taylor,*

*Atkins & Ostrow*, 258 AD2d 572 [1999]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Therefore, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint, and properly denied the plaintiff's cross motion for summary judgment.

The parties' remaining contentions have been rendered academic in light of our determination. H. Miller, J.P., Cozier, Ritter and Fisher, JJ., concur.