■ JOSEPH LICHTENSTEIN, Appellant, v MORRIS E. BARENBAUM et al., Respondents. [803 NYS2d 916]—

In an action to recover damages for legal malpractice, the plaintiff appeals from (1) an order of the Supreme Court, Kings County (Dowd, J.), dated October 31, 2002, which granted the defendants' motion for summary judgment dismissing the complaint and denied, as academic, his cross motion for leave to conduct additional discovery, and (2) an order of the same court dated April 2, 2003, which denied his motion, denominated as one for leave to reargue and renew, but which was, in actuality, a motion for leave to reargue the prior motion and cross motion.

Ordered that the appeal from the order dated April 2, 2003, is dismissed; and it is further,

Ordered that the order dated October 31, 2002, is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendants.

In order to establish a cause of action to recover damages for legal malpractice, a plaintiff must prove that (1) the attorney failed to exercise the care, skill, and diligence commonly possessed by a member of the legal profession, (2) the attorney's conduct was a proximate cause of the loss sustained, (3) the plaintiff suffered actual damages as a direct result of the attorney's actions or inaction, and (4) but for the attorney's negligence, the plaintiff would have prevailed in the underlying action (*see Porello v Longworth*, 21 AD3d 541 [2005]; *Levy v Greenberg*, 19 AD3d 462 [2005]; *Dimond v Kazmierczuk & McGrath*, 15 AD3d 526 [2005]; *Pistilli v Gandin*, 10 AD3d 353 [2004]). To succeed on a motion for summary judgment, the defendant in a legal malpractice action must present evidence in admissible form establishing that the plaintiff is unable to prove at lease one of these essential elements (*see Porello v Longworth, supra; Levy v Greenberg, supra; Dimond v Kazmierczuk & McGrath, supra; Pistilli v Gandin, supra*).

The evidence submitted by the defendants in support of their motion for summary judgment demonstrated that the plaintiff would be unable to prove that "but for" the alleged malpractice, he would have prevailed in the underlying action (*Levy v Greenberg, supra* at 462). In opposition, the plaintiff failed to raise a triable issue of fact as to whether he could prove this essential element of his malpractice claim. Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint and denied, as academic, the plaintiff's cross motion for leave to conduct additional discovery to determine, inter alia, whether the defendants in the underlying action had the financial ability to satisfy a potential judgment in his favor.

The plaintiff's subsequent motion, denominated as one for leave to reargue and renew, was not based on new evidence that was unavailable to him at the time of the original motion and cross motion. The subsequent motion was thus, in actuality, solely one for leave to reargue, the denial of which is not appealable (*see Fischer v RWSP Realty, LLC*, 19 AD3d 540 [2005]; *Schneider v Schneider*, 16 AD3d 573 [2005]; *Giovanni v Moran*, 11 AD3d 429 [2004]). H. Miller, J.P., Krausman, Rivera and Dillon, JJ., concur.