■ RICHARD HARTMAN, Respondent, v ALLEN R. MORGAN-STERN et al., Appellants. [814 NYS2d 169]—

In an action to recover damages for legal malpractice, the defendants appeal from an order of the Supreme Court, Nassau County (Mahon, J.), dated October 20, 2004, which denied their motion to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7).

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

In considering a motion to dismiss for failure to state a cause of action pursuant to CPLR 3211 (a) (7), the allegations in the complaint must be accepted as true (see Leon v Martinez, 84 NY2d 83, 87-88 [1994]). Such a motion should be granted only where, even viewing the allegations as true, the plaintiff still cannot establish a cause of action (see Cayuga Partners v 150 Grand, 305 AD2d 527 [2003]). Indeed, the standard is not whether the plaintiff has stated a cause of action, but whether the plaintiff has a cause of action (id.). The court should "accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Leon v Martinez, supra at 87-88).

However, "[i]t is well settled that bare legal conclusions and factual claims which are flatly contradicted by the evidence are not presumed to be true on a motion to dismiss for failure to state a cause of action. When the moving party offers evidentiary material, the court is required to determine whether the proponent of the pleading has a cause of action, not whether she [or he] has stated one" (Meyer v Guinta, 262 AD2d 463, 464 [1999]; see Ahmed v Getty Petroleum Mktg., Inc., 12 AD3d 385, 385-386 [2004]).

"On a cause of action to recover damages for legal malpractice, a plaintiff must prove that the defendant failed to exercise the care, skill, and diligence commonly possessed and exercised by a member of the legal profession, that the defendant's negligence was a proximate cause of the loss sustained, that the plaintiff incurred actual damages as a result of the defendant's actions or inaction, and that but for the defendant's negligence, the plaintiff would have prevailed in the underlying action or would not have sustained any damages" (*Pistilli v Gandin,* 10 AD3d 353, 354 [2004]; *see Arnav Indus., Inc. Retirement Trust v Brown, Raysman, Millstein, Felder & Steiner,* 96 NY2d 300 [2001]).

The Supreme Court erred in denying the defendants' motion. The complaint alleged that the defendants committed legal malpractice while representing the plaintiff in two matters, one civil and the other criminal. In the civil matter, the complaint alleged that the defendants committed legal malpractice by failing to request that a lower federal interest rate be applied to a federal judgment docketed in the New York State Supreme Court, thereby causing the plaintiff to pay $55,000 in excessive interest. However, there is no case law or statute requiring a New York State court to apply the federal interest rate as opposed to the higher New York State interest rate in this situation. Additionally, the levy issued by the judgment creditor was neither illegal nor subject to dismissal. The complaint also alleged that the defendants failed to oppose the use of the City Marshall by the judgment creditor in executing upon certain insurance commissions, causing the plaintiff to pay poundage to the City Marshall. However, the order in the civil matter directed payment of the judgment amount to the City Marshall. As such, the City Marshall was absolutely entitled to his poundage (*see* CPLR 105 [s-1]; 8012 [b]; *Southern Indus. v Jeremias,* 66 AD2d 178, 186 [1978]). Accordingly, the plaintiff has no cause of action to recover damages for legal malpractice as he cannot demonstrate that, but for the defendants' negligence, the Supreme Court would have applied the lower federal interest rate on the judgment or the City Marshall would not have been entitled to poundage (*see Pistilli v Gandin, supra; Wester v Sussman,* 304 AD2d 656, 657 [2003]).

The complaint further alleged that the defendants committed legal malpractice while representing the plaintiff in a criminal matter by failing to request that the plaintiff's sentences run "coterminous," rather than concurrently, thereby causing the plaintiff to spend an additional month in prison. However, in support of their motion to dismiss this cause of action pursuant

to CPLR 3211 (a) (1), the defendants submitted the transcript of the plaintiff's sentencing hearing, at which the federal judge stated that she would impose the same sentence even if it would result in the plaintiff spending additional time in prison. Thus, the documentary evidence flatly contradicts the plaintiff's allegation that, but for the defendants' alleged failure, he would not have spent the additional month in prison. Therefore, the plaintiff also has no cause of action to recover damages for legal malpractice with respect to the defendant's representation in the criminal matter. Moreover, "public policy prevents the maintenance of a malpractice action where the plaintiff cannot assert his innocence" (*Rosado v Legal Aid Socy.*, 12 AD3d 356, 357 [2004] [citation omitted]; *see generally Carmel v Lunney*, 70 NY2d 169, 173 [1987]). Schmidt, J.P., Krausman, Mastro and Lunn, JJ., concur.