■ TOWN OF NORTH HEMPSTEAD et al., Respondents, v WINSTON & STRAWN, LLP, Appellant. [814 NYS2d 237]—

In an action, inter alia, to recover damages for legal malpractice, the defendant appeals from an order of the Supreme Court, Nassau County (Bucaria, J.), entered December 9, 2005, which denied its motion for summary judgment dismissing the complaint, and upon searching the record, awarded partial summary judgment to the plaintiffs.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

In 1992 the Town of North Hempstead (hereinafter North Hempstead) and the North Hempstead Solid Waste Management Authority (hereinafter the Authority) entered into an agreement to transfer solid waste to the Town of Babylon (hereinafter Babylon) for processing. Pursuant to a separate agreement, Babylon hired a private company, North Hempstead Resources, Inc. (hereinafter NHRI), to redesign and operate a transfer station where the solid waste would be stored until it was transported. To finance the venture, NHRI borrowed $16.9 million from a group of investors who engaged Sumitomo Bank of New York Trust Co. (hereinafter Sumitomo) as their trustee. At Sumitomo's insistence, Babylon, North Hempstead, and the Authority executed a consent and agreement (hereinafter the consent agreement) in which they promised to make certain payments directly to the bank as security for NHRI's debt.

In January 1994 North Hempstead and the Authority terminated NHRI's contract to operate the transfer station. In August 1994 Sumitomo commenced an action on behalf of the investors against North Hempstead, the Authority, and others to recover damages, inter alia, for breach of the consent agreement (hereinafter the Sumitomo action). After a trial on the issue of liability, the jury found that North Hempstead and the Authority had good cause to terminate NHRI's contract but breached their obligation under the consent agreement to make a good faith effort to find a replacement operator. On a prior appeal, this Court affirmed the judgment entered in favor of Sumitomo and against, among others, North Hempstead and the Authority (see Sumitomo Bank of N.Y. Trust Co. v Town of N. Hempstead, 278 AD2d 402 [2000]). On June 5, 2001 North Hempstead and the Authority paid $32,050,633.32 in satisfaction of the judgment.

In 2003 North Hempstead and the Authority commenced the present action to recover damages, inter alia, for legal malpractice against the law firm of Winston & Strawn, LLP, which had represented them in the Sumitomo action. The complaint alleged that the law firm committed a trilogy of malpractice when it: (1) failed to raise, as an affirmative defense, that the consent agreement was invalid because it had not been approved by the Town Board of the Town of North Hempstead (hereinafter the Town Board) in accordance with Town Law § 64 (6); (2) advocated an irrational interpretation of the default provisions in the consent agreement; and (3) failed to withdraw as counsel in the Sumitomo action when it became clear that the law firm

might have a conflict of interest and three of its attorneys might testify at the trial.

To recover damages for legal malpractice, the former client must prove four essential elements: (1) the attorney failed to exercise that degree of care, skill, and diligence commonly possessed by a member of the legal profession, (2) the attorney's conduct was the proximate cause of the loss sustained, (3) the client sustained damages as a direct result of the attorney's actions, and (4) the client would have been successful in the underlying action if the attorney had exercised due care (*see Dimond v Kazmierczuk & McGrath,* 15 AD3d 526, 527 [2005], *lv denied* 5 NY3d 715 [2005]; *Luniewski v Zeitlin,* 188 AD2d 642, 643 [1992]). Where, as here, the attorneys presented evidence in admissible form to establish that the client would not be able to prove one of these four essential elements, the attorneys have sustained their prima facie burden of demonstrating that they are entitled to summary judgment (*see Ostriker v Taylor, Atkins & Ostrow,* 258 AD2d 572 [1999]).

Although the Supreme Court properly determined that the consent agreement was unenforceable because it was not properly approved by a town resolution (*see* Town Law § 64 [6]), the Supreme Court overlooked the evidence that the Town Board ratified the consent agreement by, inter alia, accepting the benefits of approximately $8.5 million received from Sumitomo and adopting a subsequent resolution that referred to the consent agreement (*see Della Rocco v City of Schenectady,* 278 AD2d 628, 630-631 [2000]; *Town of Babylon v Tully Constr. Co.,* 242 AD2d 703, 704 [1997]; *Imburgia v City of New Rochelle,* 223 AD2d 44, 48 [1996]; *Vermeule v City of Corning,* 186 App Div 206, 208-209 [1919], *affd* 230 NY 585 [1920]).

Moreover, the record reveals that the North Hempstead Town Attorney decided not to pursue the invalidity defense based in part on his concern that such a strategy would backfire against the Town in the form of an equitable claim based on unjust enrichment, quantum meruit, or money had and received. Where, as here, a sophisticated client imposes a strategic decision on counsel, the client's action absolves the attorney from liability for malpractice (*see Stolmeier v Fields,* 280 AD2d 342, 343 [2001]; *Merz v Seaman,* 265 AD2d 385, 388-389 [1999]; *DiPlacidi v Walsh,* 243 AD2d 335 [1997]).

In any event, the attorneys at Winston & Strawn, LLP, cannot be held liable for exercising their professional judgment on a question that was not elementary or conclusively settled by authority (*see Darby & Darby v VSI Intl.,* 95 NY2d 308, 314-315 [2000]; *Rosner v Paley,* 65 NY2d 736, 738 [1985]; *Dimond v*

*Kazmierczuk & McGrath, supra*; *Zarin v Reid & Priest,* 184 AD2d 385, 387 [1992]). Contrary to the Supreme Court's conclusion, it was not clear that Sumitomo could not prevail against the municipality on an equitable claim (*compare Seif v City of Long Beach,* 286 NY 382, 387 [1941], *and Lutzken v City of Rochester,* 7 AD2d 498, 501 [1959], *with Lindlots Realty Corp. v County of Suffolk,* 278 NY 45, 52-53 [1938], *and Vrooman v Village of Middleville,* 91 AD2d 833, 834-835 [1982]).

Furthermore, North Hempstead and the Authority could not establish that they would have prevailed in the Sumitomo action but for their attorneys' interpretation of the default provisions in the consent agreement or based on alleged conflicts of interest. Their conclusory allegations based on speculation were not sufficient to sustain a cause of action for malpractice (*see Holschauer v Fisher,* 5 AD3d 553, 554 [2004]; *Luniewski v Zeitlin, supra*).

Finally, where, as here, the breach of contract and fiduciary duty claims arose from the same facts and did not allege distinct damages, they should be dismissed, as a matter of law, as duplicative of the legal malpractice claim (*see Shivers v Siegel,* 11 AD3d 447 [2004], *lv denied* 5 NY3d 717 [2005]; *Magnacoustics, Inc. v Ostrolenk, Faber, Gerb & Soffen,* 303 AD2d 561, 562-563 [2003]; *Daniels v Lebit,* 299 AD2d 310 [2002]). Crane, J.P., Goldstein, Rivera and Dillon, JJ., concur.