■ JAMES MORAN, Appellant, v McCARTHY, SAFRATH & CARBONE, P.C., et al., Respondents. JOSEPH GIOVANNI et al., Nonparty Respondents. [819 NYS2d 538]—

In an action to recover damages for legal malpractice, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Covello, J.), dated March 24, 2005, which denied his motion pursuant to CPLR 2308 (b) to compel the nonparty respondents to comply with his nonjudicial subpoenas and granted those branches of the nonparty respondents' respective cross motions which were to quash the subpoenas, and (2) an order of the same court dated May 12, 2005, which granted the defendants' motion for summary judgment dismissing the complaint and denied his cross motion for summary judgment.

Ordered that the orders are affirmed, with one bill of costs to the defendants.

"In order to establish a cause of action to recover damages for legal malpractice, a plaintiff must prove that (1) the attorney failed to exercise the care, skill, and diligence commonly possessed by a member of the legal profession, (2) the attorney's conduct was a proximate cause of the loss sustained, (3) the plaintiff suffered actual damages as a direct result of the attorney's actions or inaction, and (4) but for the attorney's negligence, the plaintiff would have prevailed in the underlying action" (*Lichtenstein v Barenbaum*, 23 AD3d 440, 440 [2005]). "For a defendant in a legal malpractice case to succeed on a mo-

tion for summary judgment, evidence must be presented in admissible form establishing that the plaintiff is unable to prove at least one of the essential elements" (*Pistilli v Gandin*, 10 AD3d 353, 354 [2004]).

Here, the defendants established their entitlement to judgment as a matter of law by demonstrating that the plaintiff would be unable to prove that, "but for" the alleged negligence, he would have prevailed in the underlying action. In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint (*see Levy v Greenberg*, 19 AD3d 462 [2005]; *Lichtenstein v Barenbaum, supra* at 441), and properly denied the plaintiff's cross motion for summary judgment.

The Supreme Court also properly denied the plaintiff's motion to compel the nonparty respondents' compliance with his nonjudicial subpoenas and correctly granted those branches of the nonparty respondents' respective cross motions which were to quash the subpoenas. The subpoenas were "facially invalid and unenforceable, because they neither contained, nor were accompanied by, a notice setting forth the reason why such disclosure was sought (*see* CPLR 3101 [a] [4]; *Matter of Ehmer*, 272 AD2d 540; *Lazzaro v County of Nassau*, 240 AD2d 546). "Moreover, it was not established that there were special circumstances warranting disclosure from a nonparty" (*Wolf v Wolf*, 300 AD2d 473, 473 [2002]). In addition, the plaintiff failed to establish that the information was otherwise unobtainable from alternative sources (*see Degliuomini v Degliuomini*, 308 AD2d 501 [2003]; *Golden Mark Maintenance v Alarcon*, 265 AD2d 377 [1999]). Contrary to his contention, "[t]he existence of special circumstances is not established merely upon a showing that the information sought is relevant" (*Tannenbaum v Tenenbaum*, 8 AD3d 360 [2004]). Schmidt, J.P., Adams, Luciano and Lifson, JJ., concur.