■ ROBERT IANNUCCI et al., Respondents, v KUCKER & BRUH, LLP, et al., Appellants. [840 NYS2d 373]—

In an action, inter alia, to recover damages for legal malpractice, the defendants appeal from an order of the Supreme Court, Kings County (F. Rivera, J.), dated March 14, 2006, which denied, without prejudice to the defendants' right to seek leave to renew, their motion, in effect, pursuant to CPLR 3211 (a) (7) to dismiss the second, third, fourth, and fifth causes of action for failure to state a cause of action, pursuant to CPLR 3211 (a) (3) to dismiss the complaint insofar as asserted by the plaintiffs Clocktower Properties and Team Obsolete Productions, Inc., for lack of legal capacity to sue, and pursuant to CPLR 3024 (a) to compel the plaintiffs to provide a more definite statement of the causes of action set forth in the complaint.

Ordered that the appeal from so much of the order as denied, without prejudice to the defendants' right to seek leave to renew, that branch of the motion which was pursuant to CPLR 3024 (a) to compel the plaintiffs to provide a more definite statement of the causes of action set forth in the complaint is dismissed, as no appeal lies as of right from that portion of the order and leave to appeal has not been granted (*see* CPLR 5701 [b] [2]; [c]); and it is further,

Ordered that the order is modified, on the law, by deleting the provision thereof denying those branches of the defendants' motion which were, in effect, pursuant to CPLR 3211 (a) (7) to dismiss the third and fourth causes of action for failure to state a cause of action and substituting therefor a provision granting those branches of the defendants' motion; as so modified, the order is affirmed insofar as reviewed, without costs or disbursements.

The Supreme Court should have granted those branches of the defendants' motion which were, in effect, pursuant to CPLR

3211 (a) (7) to dismiss the third and fourth causes of action for failure to state a cause of action. These causes of action, which alleged negligent misrepresentation and fraud, arise from the same facts as the legal malpractice cause of action alleged in the complaint, and do not allege distinct damages (*see Town of N. Hempstead v Winston & Strawn, LLP*, 28 AD3d 746, 749 [2006]; *Daniels v Lebit*, 299 AD2d 310 [2002]; *Best v Law Firm of Queller & Fisher*, 278 AD2d 441, 442 [2000]). By contrast, the second and fifth causes of action seek a refund of alleged excess fees that were paid to the defendants. These causes of action invoke facts different from those alleged in the first cause of action, which seeks damages in a different amount for legal malpractice.

Contrary to the defendants' contention, the Supreme Court properly denied, without prejudice to the defendants' right to seek leave to renew, that branch of their motion which was pursuant to CPLR 3211 (a) (3) to dismiss the complaint insofar as asserted by the plaintiffs Clocktower Properties (hereinafter Clocktower) and Team Obsolete Productions, Inc. (hereinafter Team Obsolete), on the ground that those parties lack legal capacity to sue. Those parties were not shown to lack legal capacity merely because they may have no cause of action against the defendants for damages for legal malpractice (*cf. Silver v Pataki*, 96 NY2d 532, 536-537 [2001]; *Community Bd. 7 of Borough of Manhattan v Schaffer*, 84 NY2d 148, 155-156 [1994]). "There is a difference between capacity to sue, which gives the right to come into court, and possession of a cause of action, which gives the right to relief in court" (*Kittinger v Churchill Evangelistic Assn., Inc.*, 239 App Div 253, 256 [1933]).

To the extent that the defendants argue that the first, second, and fifth causes of action insofar as asserted by Clocktower and Team Obsolete should have been dismissed on grounds other than lack of legal capacity to sue, such contention is not properly before us as the defendants' motion was explicitly based on the lack of capacity to sue (*see* CPLR 3211 [a] [3]). Crane, J.P., Goldstein, Covello and Dickerson, JJ., concur.