■ PAROLA, GROSS & MARINO, P.C., Respondent, v HORST SUSSKIND, Appellant. [841 NYS2d 463]—In an action, inter alia, to recover legal fees, the defendant appeals from an order of the Supreme Court, Nassau County (Brennan, J.), entered September 15, 2005, which granted the plaintiff's motion to dismiss his counterclaims pursuant to CPLR 3211.

In an action, inter alia, to recover legal fees, the defendant appeals, as limited by his brief, from stated portions of an order of the Supreme Court, Nassau County (Brennan, J.), entered May 18, 2006, which, among other things, denied that branch of his motion which was for leave to renew his opposition to the plaintiff's prior motion to dismiss his counterclaims pursuant to CPLR 3211, and upon reargument, adhered to the original determination in an order entered September 15, 2005, granting the plaintiff's prior motion.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff undertook to represent the defendant in a matrimonial action in which the Supreme Court had already entered a preclusion order against the defendant. That representation concluded when the plaintiff's motion for leave to withdraw as counsel was granted. The matrimonial action was later settled. The plaintiff commenced this action to recover legal fees allegedly due it. The defendant counterclaimed alleging legal malpractice and seeking disgorgement of the legal fees that he had paid to the plaintiff. By order entered September 15, 2005, the Supreme Court granted the plaintiff 's motion to dismiss the counterclaims pursuant to CPLR 3211. Subsequently, the defendant moved, inter alia, for leave to renew and reargue his opposition to the plaintiff's motion to dismiss. By order entered May 18, 2006, the Supreme Court, among other things, denied that branch of the defendant's motion which was for leave to renew, and upon reargument, adhered to its original determination in the order entered September 15, 2005.

The Supreme Court properly denied that branch of the defendant's motion which was for leave to renew, as he failed to present new facts that would change the prior determination (see CPLR 2221 [e] [2]). Moreover, upon reargument, the court properly adhered to the original determination granting the plaintiff's motion to dismiss the counterclaims pursuant to CPLR 3211.

In reviewing a motion to dismiss a complaint for failure to state a cause of action, "the facts as alleged in the complaint must be accepted as true, the plaintiff is accorded the benefit of every possible favorable inference, and the court's function is to determine only whether the facts as alleged fit within any cognizable legal theory" (Kupersmith v Winged Foot Golf Club, Inc., 38 AD3d 847, 848 [2007], citing Leon v Martinez, 84 NY2d 83, 87-88 [1994]; see Hartman v Morganstern, 28 AD3d 423, 424 [2006]). However, bare legal conclusions and factual claims which are flatly contradicted by the record are not presumed to

be true (*see Morone v Morone*, 50 NY2d 481 [1980]; *Kupersmith v Winged Foot Golf Club, Inc.*, 38 AD3d 847 [2007]; *Meyer v Guinta*, 262 AD2d 463 [1999]).

Here, the counterclaims failed to allege any material facts giving rise to a cognizable claim for legal malpractice (*see Hartman v Morganstern*, 28 AD3d 423 [2006]). To establish a counterclaim to recover damages for legal malpractice, the defendant is required to show that the plaintiff failed to exercise the care, skill, and diligence commonly possessed and exercised by a member of the legal profession, that the plaintiff's negligence was a proximate cause of the loss sustained, that the defendant incurred actual damages as a result of the plaintiff's actions or inaction, and that but for the plaintiff's negligence, the defendant would have prevailed in the underlying action or would not have sustained any damages (*see Arnav Indus., Inc. Retirement Trust v Brown, Raysman, Millstein, Felder & Steiner*, 96 NY2d 300 [2001]; *Pistilli v Gandin*, 10 AD3d 353, 354 [2004]). Here, the defendant's counterclaims merely set forth conclusory allegations of negligence on the part of the plaintiff and wholly failed to allege any actual damages that he sustained as a result of the plaintiff's alleged negligence. Thus, upon reargument, the Supreme Court properly adhered to its original determination in granting the plaintiff's motion to dismiss the counterclaims pursuant to CPLR 3211.

The defendant's remaining contentions are without merit. Spolzino, J.P., Santucci, Florio and Angiolillo, JJ., concur.