OPINION OF THE COURT
Memorandum.
Order, insofar as appealed from, reversed without costs and the branch of defendant’s motion seeking summary judgment dismissing the complaint denied.
Plaintiff commenced the instant action against defendant law firm seeking damages resulting from defendant’s allegedly inadequate legal representation of plaintiff in a prior automobile accident case, in which plaintiff won a jury verdict on the issue of liability but lost on the question of whether he had suffered any legally cognizable damages, i.e., a serious injury (see Insurance Law § 5102). Due to a “high-low” settlement in that case made prior to the verdict on the liability portion of the trial, pursuant to which it was agreed that plaintiff would recover no less than $100,000 and no more than $250,000, plaintiff nevertheless recovered a gross settlement of $100,000. It is undisputed that, in connection with the settlement, plaintiff signed releases and endorsed settlement checks.
With respect to the branch of its motion seeking summary judgment pursuant to CPLR 3212, defendant only addressed the negotiation of the high-low settlement agreement and plaintiffs acceptance of the terms of that agreement, and made no evidentiary submission whatsoever respecting its representation of plaintiff in the damages phase of the trial. Defendant submitted the affidavit of Slawek W. Platta, the attorney who had handled plaintiffs automobile accident case, and the attorney’s affirmation of an associate at defendant law firm, to which were annexed the pleadings herein as well as other documents which were unrelated to defendant’s representation of plaintiff in the damages portion of the trial. In his affidavit, Mr. Platta stated that in a prior lawsuit, plaintiff had claimed soft tissue injuries to his spine similar to those claimed in the automobile case in which he represented plaintiff, and stated his belief, “based on the nature of the injuries alleged and the evidence adduced during the preparation for trial” that “there *13 was a strong likelihood that [plaintiffs] claim would not meet the ‘serious physical injury’ threshold” pursuant to Insurance Law § 5102. He failed to provide the name or venue of plaintiffs prior lawsuit, to describe plaintiffs injuries in either accident with any particularity, to name the witnesses called on plaintiffs behalf at the damages phase of the trial, or to provide any explanation as to how he determined which expert witnesses to call and which of plaintiffs treating physicians not to call. Also no independent expert opinion was offered as to the adequacy of defendant’s representation of plaintiff. Plaintiff, proceeding pro se, opposed defendant’s motion with his own unsworn opposition statement, unsupported by any evidentiary materials.
In an opinion granting summary judgment to defendant, the Civil Court first found that there had been no showing that the alleged mistakes of plaintiffs former counsel compelled plaintiff to accept the terms of the “high-low” settlement, and further concluded that defendant had made a prima facie showing that plaintiff could not prove attorney malpractice, which plaintiff failed to rebut.
The elements of a cause of action for legal malpractice are:
“(1) the attorney failed to exercise the care, skill and diligence commonly possessed by a member of the legal profession, (2) the attorney’s conduct was a proximate cause of the loss sustained, (3) the plaintiff suffered actual damages as a direct result of the attorney’s action or inaction, and (4) but for the attorney’s negligence, the plaintiff would have prevailed in the underlying action” (Lichtenstein v Barenbaum, 23 AD3d 440, 440 [2005]).
To prevail on a motion for summary judgment in a case of alleged legal malpractice, a defendant must tender evidence in admissible form that the plaintiff is unable to prove at least one of those elements (Oberkirch v Charles G. Eichinger, P.C., 35 AD3d 558 [2006]; Terio v Spodek, 25 AD3d 781 [2006]). Where the only support for a defendant’s motion for summary judgment dismissing a cause of action for legal malpractice consists of the defendant’s “conclusory, self-serving statements with no expert or other evidence which would tend to establish, prima facie, that [defendant] did not depart from the requisite standard of care,” plaintiffs obligation to rebut the defendant’s case is not triggered, and it is error to dismiss the complaint (Estate of Nevelson v Carro, Spanbock, Kaster & Cuiffo, 259 AD2d 282, 284 [1999]).
Applying these principles, we find that defendant’s motion, which was based solely on the affirmation of one of defendant’s *14 associate attorneys and the affidavit of defendant’s prior employee, and which offered no evidentiary materials whatsoever in support of its claim of adequate legal representation, failed to make a prima facie showing that defendant did not depart from accepted standards of legal practice, and did not trigger any obligation for plaintiff to rebut defendant’s case. Nor does the fact that plaintiff accepted settlement checks and signed releases compel a different result. The settlement of the action was reached during the liability phase of the trial, and not during the damages phase when, plaintiff alleges, defendant failed to provide adequate representation. Pursuant to the terms of the settlement, plaintiff could, potentially, have received a larger sum, dependent on the outcome of the damages phase of the trial. Therefore, the settlement of the underlying action did not preclude plaintiffs subsequent action for legal malpractice (see N. A. Kerson Co. v Shayne, Dachs, Weiss, Kolbrenner, Levy, 59 AD2d 551, 552-553 [1977], affd on concurring op of Suozzi, J., 45 NY2d 730 [1978]; accord Rogers v Ettinger, 163 AD2d 257 [1990]; Mazzei v Pokorny, Schrenzel & Pokorny, 125 AD2d 374 [1986]).
Accordingly, the order, insofar as appealed from, is reversed and the branch of defendant’s motion seeking summary judgment dismissing the complaint is denied.
Pesce, PJ., Golia and Rios, JJ., concur.