■ JOHN POSTIGLIONE, Appellant, v ANTONIO D. CASTRO, Also Known as TONY CASTRO, et al., Respondents. [990 NYS2d 257]—

In an action, inter alia, to recover damages for legal malpractice, breach of contract, and fraud, the plaintiff appeals (1), as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Fitzgerald, J.), dated March 21, 2012, as granted those branches of the defendants' motion pursuant to CPLR 3211 (a) which were to dismiss the causes of action alleging breach of contract and fraud, (2) from a decision of the same court dated June 22, 2012, and (3) from an order of the same court dated September 13, 2012, which denied his mo-

tion pursuant to CPLR 5015 (a) to vacate the order dated March 21, 2012, and pursuant to CPLR 3025 (b) for leave to amend the complaint.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (*see Schicchi v J.A. Green Constr. Corp.*, 100 AD2d 509, 509-510 [1984]); and it is further,

Ordered that the order dated March 21, 2012, is reversed insofar as appealed from, on the law, and those branches of the defendants' motion pursuant to CPLR 3211 (a) which were to dismiss the causes of action alleging breach of contract and fraud are denied; and it is further,

Ordered that the appeal from so much of the order dated September 13, 2012, as denied that branch of the plaintiff's motion which was pursuant to CPLR 5015 (a) to vacate the order dated March 21, 2012, is dismissed as academic in light of our determination on the appeal from the order dated March 21, 2012; and it is further,

Ordered that the order dated September 13, 2012, is reversed insofar as reviewed, in the exercise of discretion, and that branch of the plaintiff's motion which was pursuant to CPLR 3025 (b) for leave to amend the complaint is granted; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The plaintiff commenced this action asserting 10 causes of action including negligence, legal malpractice, fraud, breach of contract, and conversion. In addition to alleging negligent performance of legal services, the plaintiff alleged, among other things, that the defendant law firm and several of its attorneys over-billed him in breach of an oral retainer agreement, that they paid themselves with $20,000 of the plaintiff's money taken from his escrow account without his permission, and that they cashed checks which rightfully belonged to him.

In the order appealed from dated March 21, 2012, the Supreme Court granted the defendants' motion pursuant to CPLR 3211 (a) to dismiss the complaint in its entirety. As relevant to this appeal, the Supreme Court granted those branches of the defendants' motion which were to dismiss the breach of contract and fraud causes of action as duplicative of the legal malpractice cause of action, which it dismissed as barred by the statute of limitations.

The plaintiff moved pursuant to CPLR 5015 (a) to vacate the order dated March 21, 2012, "in the interests of justice," and pursuant to CPLR 3025 (b) for leave to amend the complaint to assert only two causes of action—one alleging breach of contract

and one alleging fraud. In the order appealed from dated September 13, 2012, the Supreme Court denied the plaintiff's motion.

As a general rule, where a cause of action alleging breach of contract or fraud arises from the same facts as a legal malpractice cause of action and does not allege distinct damages, the breach of contract or fraud cause of action must be dismissed as duplicative of the legal malpractice cause of action (*see Financial Servs. Veh. Trust v Saad*, 72 AD3d 1019, 1020 [2010]; *Kvetnaya v Tylo*, 49 AD3d 608 [2008]; *Iannucci v Kucker & Bruh, LLP*, 42 AD3d 436, 437 [2007]; *Town of Wallkill v Rosenstein*, 40 AD3d 972 [2007]; *Town of N. Hempstead v Winston & Strawn, LLP*, 28 AD3d 746, 749 [2006]; *Daniels v Lebit*, 299 AD2d 310 [2002]). Here, the plaintiff's breach of contract cause of action makes no claim that the defendants provided inadequate representation in his legal matters. Rather, the plaintiff claims, among other things, that the defendants over-billed him and took money from his escrow account without his permission, in violation of the retainer agreement. Under these circumstances, the plaintiff's breach of contract cause of action was not duplicative of the legal malpractice cause of action, and should not have been dismissed on that basis (*see Loria v Cerniglia*, 69 AD3d 583 [2010]; *Boglia v Greenberg*, 63 AD3d 973, 976 [2009]; *Ideal Steel Supply Corp. v Beil*, 55 AD3d 544, 545-546 [2008]).

Similarly, the cause of action alleging fraud makes no claim of inadequate or negligent legal representation. Rather, the fraud cause of action essentially alleges that the defendants made material misrepresentations concerning the money that the plaintiff owed them. Thus, the fraud cause of action was not duplicative of the legal malpractice cause of action and should not have been dismissed on that ground.

In the absence of prejudice or surprise to the opposing party, leave to amend a pleading should be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit (*see* CPLR 3025 [b]; *Bernardi v Spyratos*, 79 AD3d 684, 688 [2010]; *Lucido v Mancuso*, 49 AD3d 220 [2008]). Here, the Supreme Court should have granted that branch of the plaintiff's motion which was for leave to amend the complaint to assert only two causes of action alleging breach of contract and fraud. The proposed amended complaint set forth allegations which are not palpably insufficient or patently devoid of merit. As the defendants would not be prejudiced or surprised by virtue of the proposed amended complaint, leave to amend the complaint should have been granted (*see* CPLR 3025 [b]; *Bernardi v Spyratos*, 79 AD3d at 688). Rivera, J.P., Balkin, Leventhal and Roman, JJ., concur.