Lee v Allen (2018 NY Slip Op 06890)





Lee v Allen


2018 NY Slip Op 06890


Decided on October 17, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 17, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2018-01895
 (Index No. 65723/15E)

[*1]Dana Lee, respondent,
v
Gloria Allen, et al., appellants.


Law Office of David S. Klausner PLLC, White Plains, NY (Stephen Slater of counsel), for appellants.
O'Connor Redd LLP, Port Chester, NY (Kevin Page of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Westchester County (Nicholas Colabella, J.H.O.), dated January 18, 2018. The order granted the plaintiff's motion pursuant to CPLR 3025 for leave to amend the complaint and bill of particulars to add a demand for punitive damages.
ORDERED that the order is affirmed, with costs.
The Supreme Court providently exercised its discretion in granting the plaintiff's motion for leave to amend the complaint and bill of particulars to add a demand for punitive damages, as there was no prejudice or surprise to the defendants and the proposed amendment was not palpably insufficient or devoid of merit (see CPLR 3025[b]; Postiglione v Castro, 119 AD3d 920, 922). Although the plaintiff unsuccessfully moved for the same relief in a prior motion, "[t]he doctrine of the law of the case does not bind appellate courts, and thus, this Court is not bound by the law of the case established by the prior determination" (Hothan v Mercy Med. Ctr., 105 AD3d 905, 905).
DILLON, J.P., DUFFY, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court